[L. A. No. 5746.   In Bank.—January 22, 1919.]

C. A. STEVENS et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, etc., et al., Respondents.

WORKMEN'S COMPENSATION ACT—KILLING OF CAFE WAITER—ASSISTANCE IN STOPPING BRAWL—DEATH IN PERFORMANCE OF DUTY INCIDENT TO EMPLOYMENT.—Under the Workmen's Compensation Act, a waiter employed in a café, a part of whose duties was to assist in keeping order and suppressing commotion, was performing a duty incident to his employment in assisting in stopping a brawl which had been previously started by a disorderly patron, during which he was killed.

APPLICATION for a Writ of Review originally made to the Supreme Court to annul an award of the Industrial Accident Commission.   Award affirmed.

The facts are stated in the opinion of the court.

E. L. Stockwell, Leland Mann, and Redman & Alexander, for Petitioners.

Christopher M. Bradley and Warren H. Pillsbury, for Respondents.

LENNON, J.—The petitioner herein, the Aetna Life Insurance Company, seeks, as the insurer of certain café owners against liability under the Workmen's Compensation Act (Stats. 1913, p. 279), to annul by *certiorari* an award made by the Industrial Accident Commission in the sum of five thousand dollars to Merle Lindlaw for herself, as the widow of John R. Lindlaw, and as guardian *ad litem* and trustee of her infant son, John Robert Lindlaw. The writ is prayed for on the ground that the evidence does not justify the findings of fact or the order of award.

Substantially stated, the facts are these: John R. Lindlaw was employed as a waiter in a café at Venice, California. On a September afternoon in 1917, one E. E. Rice, accompanied by his wife, entered the café. He was joined some little while later by his son. After the party had been served, Rice got into an altercation with one Sullivan, a waiter attending an adjoining table, during the course of which he threatened picturesquely to make Sullivan "jump over the house tops," and drew a revolver. Sullivan grappled with Rice, as did the latter's son, and one Ealand, another waiter, called by Sullivan to help disarm Rice. Lindlaw, serving other tables in the café, started for the scene at this juncture, calling "Come on, Brown," to yet another waiter. As Lindlaw approached the scuffle, the revolver, still in Rice's hand, was discharged, the bullet striking Lindlaw and killing him. Brown, following Lindlaw, caught him as he fell.

The paramount point presented for review is whether or not Lindlaw, in starting for the scene of altercation, was performing a duty incident to his employment as a waiter in the café. In a word, if it was incumbent on Lindlaw, as a part of his duties as a waiter in the café, to help keep order and suppress commotion, then he was killed in the performance of his duties and the award must stand; and it needed only to be shown that the hazard was one to which deceased was exposed by his employment to warrant the award. (*Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686, [151 Pac. 398].)

On this point the evidence seems crystal clear. One of the owners of the café testified that it was a part of the duties of waiters in his employ to assist in keeping order, to quell disturbances, and eject unruly persons. It was also admitted to be a fact in the case that the employees in the café had instructions to keep order. The waiter Brown testified, in effect, that relative to an altercation arising in the café it was as much the duty of the waiters as any other part of their waiters' business to go there and try to stop it as quickly as possible. Considered in connection with the testimony of the witness McFadden, identified with café life for a period of twenty-five years, to the effect that the café in question was what is known as a cabaret house, "catering to a class of people that are subject more or less to brawls and things of that kind that will cause trouble, and especially where there is dancing," and that this particular café was "a type of house that would be in trouble quicker than any average house at the beach," it follows that the employer's business in the instant case was such as to expose his employees to the danger of bodily injury ensuing upon altercations by disorderly patrons. What Lindlaw's intentions were as he started toward the altercation must, of course, remain unknown, but it is obvious he was not intending to start the fight, since it was already started, and it is reasonable to assume, therefore, that he was intending only to assist in stopping it, and that, as an employee of the café, it was his duty to assist in stopping it, seems from the uncontradicted evidence to admit of little doubt and less speculation.

Petitioners' citations relied on in support of the petition for the writ are not sufficiently analogous in point of principle or of fact to warrant discussion, nor do they at all cover and control the situation presented here, namely, one in which an attendant is charged as part of his duties to quell or assist in quelling disturbances and to eject disorderly persons in a cabaret house where alcoholic liquors are sold and is injured in the course of a brawl started by a disorderly patron.

It follows from what has been said that it does not appear as a matter of law that there was not sufficient evidence to warrant and sustain the award.

The award is affirmed.

Melvin, J., Wilbur, J., Richards, J., *pro tem.*, Shaw, J., and Angellotti, C. J., concurred.