McCLURE v. GEORGIA CASUALTY CO.
(No. 246–3790.)

(Commission of Appeals of Texas, Section A.
May 16, 1923.)

1. Master and servant ⬚391½, New, vol. 7A Key-No. Series, ⬚417(4½)—Party bringing suit to set aside compensation award after notice "given" held not in default.

Where notices of dissatisfaction with a decision of the Industrial Accident Board awarding compensation to an employee were mailed, notice was not "given" within Complete Tex. St. 1920, art. 5246—44 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), until actually received, and therefore a suit to set aside the award brought within 20 days after the notices were received was in time, preventing default in payment of compensation and defeating a suit to mature the award and recover liquidated damages and attorney's fees as provided in section 5246—45 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Given.]

2. Master and servant ⬚348—Compensation Act liberally construed.

The Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) is a remedial statute, and should be liberally construed.

3. Master and servant ⬚373—Injury in assault caused by dispute over duties held compensable as "injury in course of employment."

Where claimant was assaulted by his coemployee because of a dispute over their respective duties, and during the fight between them a brother of the aggressor struck claimant with a club, inflicting permanent injury, he sustained an "injury in the course of employment" defined in Workmen's Compensation Act (Complete Tex. St. 1920, art. 5246—82 [Vernon's Ann. Civ. St. Supp. 1918, art. 5246 —82]), as injury having to do with and originating in the work, but excluding injury caused by an act of a third person intended to injure the employee because of reasons personal to

him, and not directed against him as an employee.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Course of Employment.]

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Proceedings under the Workmen's Compensation Act by M. A. McClure, claimant, opposed by the Higgins Oil & Fuel Company, employer, and the Georgia Casualty Company, insurance carrier. Judgment in insurance carrier's suit to set aside an award by the Industrial Accident Board modified by the Court of Civil Appeals (239 S. W. 644), and claimant and insurance carrier bring error. Affirmed.

E. B. Pickett, Jr., of Liberty, for plaintiff in error.

Frank S. Anderson, of Galveston, for defendant in error.

GALLAGHER, P. J. Plaintiff in error, by a final ruling and decision of the Industrial Accident Board, was awarded compensation at the rate of $15 per week for a period not to exceed 401 weeks for injuries received while in the employ of the Higgins Oil & Fuel Company, a subscriber under the Employers' Liability Act, carrying a policy of insurance with the Georgia Casualty Company, defendant in error. Defendant in error, being dissatisfied with such ruling and decision, gave notice in writing to said Board and to plaintiff in error that it was not willing to be bound thereby, and filed suit in the district court of Liberty county to set aside said award. Plaintiff in error, contending that said suit was not filed within the required time, and that the award of the Board had therefore become final and enforceable, pleaded said award by cross-action and claimed the right to mature the same and recover liquidated damages and reasonable attorney's fees as provided by the statute in such cases. The trial of the case resulted in a judgment in favor of plaintiff in error against defendant in error for the sum of $15 per week, beginning June 1, 1920, and continuing until the date of judgment and thereafter, unless altered or modified by the Industrial Accident Board or by agreement of the parties with its approval, not to exceed 401 weeks in all, and for $721.80 liquidated damages, and for the further sum of $2,000 attorney's fees. Defendant in error appealed. The Court of Civil Appeals modified the judgment of the trial court by striking therefrom the liquidated damages and attorney's fees recovered therein and affirmed it as so modified. 239 S. W. 644. Both parties applied for a writ of error, and both applications were granted and are now before us for consideration.

[1] The award of the Industrial Accident Board was made on October 22, 1920. On the 3d day of November thereafter defendant in error, by its attorney, mailed in registered letters notices to the Board and to plaintiff in error that it did not agree to and was not willing to be bound by said ruling and decision of the Board, and that it would within 20 days after the service thereof bring suit to set the same aside. The notice mailed to the Board was received by it on November 8, 1920, and the notice mailed to plaintiff in error was received by him on November 9, 1920. Suit was filed November 24, 1920. The notice to the Board was received by it on the seventeenth day after its final ruling, decision and award and the notice to plaintiff in error was received by him on the eighteenth day after such award. There is no contention that such notice was not given within the 20 days from the date of the award as required by law. The issue raised by plaintiff in error is whether such notice was "given" within the meaning of said law when it was deposited in the mail or when it was actually received by the parties. If such notice was given within the meaning of the law when deposited in the post office, suit to set aside the award was not brought within 20 days thereafter, as required by law. If such notice was not given within the meaning of the law until the respective parties received the same, such suit was brought within the required time. Article 5246—44, Complete Texas Statutes 1920 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44), reads, in part, as follows:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided. * * *"

The giving of notice to various parties is required by several provisions of the Workmen's Compensation Act. Articles 5246—77 and 5246—78 of the same, as embraced in said Complete Statutes (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—77, 5246—78), require the giving of notice by a subscriber to his employee that he has provided for payment of compensation for injuries under the provisions of said act. These provisions of the law were before this court in a recent case for construction, and we held that, when a statute directs that notice shall be given, but is silent with reference to the manner of giving the same, personal service of such notice upon the person to whom it is required

to be given is necessary. Producer's Oil Co. v. Daniels (Tex. Com. App.) 244 S. W. 117, 118, and authorities there cited. We think the same rule should be followed in giving the notices required to be given by the article here under consideration. This suit having been brought within 20 days from the date when said notices were received by the respective parties, it was brought in time. Such being the case, defendant in error was not in default under the provisions of said law in failing to comply with the award. The statute gives liquidated damages and attorney's fees only in event of a failure and refusal to comply with a final order, decision, or award of the Board, which has become enforceable by reason of the fact that no valid proceedings to set the same aside have been instituted, and only after a suit has been brought to enforce such award and successfully prosecuted. The award of the Board in this case never became enforceable because defendant in error gave notice that it was not willing to be bound thereby and brought suit to set the same aside and prosecuted said suit to final judgment. When suit is brought to set aside an award, the trial is de novo. The claimant's right to compensation is put in issue and retried. If the claimant recovers compensation, he is entitled to enforce not the former order of the Board, but the judgment rendered by the court in such suit. Plaintiff in error was not entitled to recover either liquidated damages or attorney's fees. Complete Texas Statutes 1920, art. 5246—45 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—45). See, also, Southern Surety Co. v. Nelson, 111 Tex. 140, 229 S. W. 1113, 19 A. L. R. 1387.

Plaintiff in error, McClure, was fireman for his employer on a well-drilling outfit working a 12-hour shift alternately with one Jim Hodge. It was necessary to keep the outfit continuously in operation and McClure had to remain at work until Hodge came to relieve him. Hodge had been habitually arriving late, requiring McClure to work overtime. McClure, on the day he received his injuries, remonstrated with Hodge, reminding him that he was expected to come on duty and relieve him at 6 o'clock, and that when he failed to do so he (McClure) was thereby required to work overtime. Hodge retorted that he was not working for McClure, but for the company. McClure said something about going to see the foreman, and after the exchange of a few words Hodge assaulted him, and during the fight between them Ed Hodge, a brother of Jim Hodge, slipped up behind McClure and hit him over the head with a club, inflicting serious and permanent injury which rendered him totally incapacitated for work within the meaning of that term as used in said act. The reason given by Ed Hodge for his assault on McClure was that he thought McClure was using a knife on his

brother Jim. There had been no prior trouble between McClure and either of the Hodge brothers. McClure was not the aggressor in the fight and made no attempt to use a knife therein. Ed Hodge was indicted for assault to murder and pleaded guilty to aggravated assault on McClure.

[2, 3] Defendant in error contends that the injury received by McClure was not received in the course of his employment within the meaning of the Workmen's Compensation Act, and that on that account he is not entitled to recover herein.

Said act (article 5246—82, Complete Texas Statutes 1920 [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82]) provides that the term "injury sustained in the course of employment," as used therein, shall not include certain specified injuries. Among the injuries so excluded is the following:

"An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment."

Said article further provides that injuries sustained in the course of employment—

"shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere."

The Workmen's Compensation Act is a remedial statute intended to give relief in the form of compensation for injuries sustained by employees in industrial pursuits, irrespective of the existence of a common-law right of action for damages, and its provisions should be liberally construed with a view to accomplish its purpose and to promote justice. Lumbermen's Reciprocal Association v. Behnken (Tex. Sup.) 246 S. W. 72, 74. If the assault which inflicted the injury received by plaintiff in error had to do with or originated in the work he was doing for his employer, such assault was directed against him as an employee or because of his employment, notwithstanding the fact that Ed Hodge, who made such assault, intended to injure him because he thought he was about to use a knife in the fight in progress. Our own Supreme Court, in Lumbermen's Reciprocal Association v. Behnken, supra, says:

"An injury has to do with, and arises out of, the work or business of the employer, when it results from a risk or hazard which is necessarily or ordinarily or reasonably inherent in or incident to the conduct of such work or business. As tersely put by the Supreme Court of Iowa: 'What the law intends is to protect the employee against the risk or hazard taken in order to perform the master's task.' Pace v. Appanoose County, 184 Iowa, 498, 168 N. W. 918."

The distinction between an injury having to do with and originating in the work the employee is doing and one originating in extraneous causes disassociated from such employment is aptly expressed by the Supreme Judicial Court of Massachusetts in Re McNicol, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, as follows:

"It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It 'arises out of' the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work, and not common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

When an injury is received by an employee as the direct result of an assault upon him while in the performance of the duties of his employment and when exposure to the danger of such an assault is a natural incident of his employment and one of the risks assumed by him in entering upon and continuing in the same, such injury has to do with and originates in the business of his employer, notwithstanding the party making such assault may be actuated by malice and may plan and execute the same with deliberate intention to injure.

In the case of Vivier v. Lumbermen's Indemnity Exchange, 250 S. W. 417, recently decided by this court, we held, in an opinion by Judge Randolph, that the death of a night watchman killed while on duty by some unknown assassin, apparently for the purpose of robbing him, resulted from a risk brought about by his employment, and that the deceased in the performance of his duties, was placed in a position which contributed to his injury and death by furnishing an opportunity therefor which would not have existed but for his situation necessarily arising out of such employment.

The case of Re McNicol, supra, involved fatal injuries sustained by an employee as the result of an assault by an intoxicated, quarrelsome, and dangerous fellow employee.

The case of Trim Joint District Board of Management v. Kelley, Ann. Cas. 1915A, 104, a leading English case, involved injuries resulting in death sustained by an assistant master of a training school as the result of a premeditated assault upon him by a number of vicious and unruly pupils under his care who conspired together to attack and injure him. The case of Weekes v. William Stead, Ltd., 6 N. C. C. A. 1010, another English case, involved injuries resulting in death sustained by the yard foreman of a firm of furniture movers as the result of an assault by a man to whom he had refused employment, though the assault occurred several hours after such refusal; the parties having separated during the interval between such refusal and such assault. The case of Re Reithel, 222 Mass. 163, 109 N. E. 951, L. R. A. 1916A, 304, involved injuries resulting in death sustained by a mill superintendent at the hands of a trespasser whom he had ordered off his employer's premises. The case of Schmoll v. Weisbrod & Hess Brewing Co., 38 N. J. Law J. 180, involved injuries resulting in death sustained by a deliveryman whose duty required him to deliver his employer's wares in a locality of ill repute, as a result of a shot fired at him by some person unknown. The following cases all involved injuries sustained by an employee in the discharge of the duties of his employment by reason of an unlawful assault made upon him by a third person with intent to injure him. Heitz v. Ruppert, 218 N. Y. 148, 112 N. E. 750, L. R. A. 1917A, 344; Cranney's Case, 232 Mass. 149. 122 N. E. 266, 15 A. L. R. 584; Polar Ice & Fuel Co. v. Mulray, 67 Ind. App. 270, 119 N. E. 149; Swift v. Industrial Commission, 287 Ill. 564, 571, 122 N. E. 796; C., R. I. & P. Ry. Co. v. Industrial Commission, 288 Ill. 126, 123 N. E. 278; Industrial Commission v. Pora, 100 Ohio St. 218, 125 N. E. 662; Western Indemnity Co. v. Pillsbury, 170 Cal. 686, 151 Pac. 398; Stevens v. Industrial Accident Commission, 179 Cal. 592, 178 Pac. 296; Baum v. Industrial Commission, 288 Ill. 516, 123 N. E. 625, 6 A. L. R. 1242; Pekin Cooperage Co. v. Industrial Commission, 285 Ill. 31, 120 N. E. 530.

In each of the above cases the court held that exposure to assault was a danger incident to the employment and a risk or hazard taken by the employee in order to perform the duties required of him thereby, and the claimant or claimants were held to be within the protection of the Compensation Act under consideration in each of said cases.

Many of the cases above cited involved assaults by one employee upon another growing out of some dispute over their respective rights and duties. We quote from the opinion of the court in the case of Pekin Cooperage Co. v. Industrial Commission, supra, as follows:

"All concur in the rule that the accident, to be within the Compensation Act, must have

had its origin·in some risk of the employment. No fixed rule to determine what is a risk of the employment has been established. Where men are working togther at the same work, disagreements may be expected to arise about the work, the manner of doing it, as to the use of tools, interference with one another, and many other details which may be trifling or important. Infirmity of temper, or worse, may be expected, and occasionally blows and fighting. Where the disagreement arises out of the employer's work in which two men are engaged, and as a result of it one injures the other, it may be inferred that the injury arose out of the employment. The origin of this ·difficulty was trifling—the taking of a few staves from the claimant's rack, to which he objected, saying, as he testified, that if Miller would stay in there he would be up with the·claimant. The dispute was concerning the employer's work in which the men were both engaged, and there is evidence tending to show that the claimant was not responsible for the assault."

Plaintiff in error received his injuries in such an altercation. We do not think the fact that the blow which inflicted the injury sustained by him was struck by Ed Hodge, the brother of his fellow fireman, Jim Hodge, who first assaulted him, affords any ground upon which to differentiate this case from cases above cited or to deny plaintiff in error compensation for his injuries. The original assault having resulted from a dispute between plaintiff in error and Jim Hodge growing out of their respective duties under their common employment, the· unlawful and violent blow struck by Ed Hodge which was induced thereby must be considered a part and parcel thereof. We think that the injury so sustained by plaintiff in error had to do with and originated in the duties of his employment, and, though it was caused by the act of Ed Hodge, who at the time had a personal intent and purpose to injure him, such act was, within the meaning of our statute, directed against him as an employee or because of his employment.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.