**J. E. WILLIAMS, Appellant,**

**v.**

**TRINITY UNIVERSAL INSURANCE COMPANY, Appellee.**

No. 6736.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 20, 1958.

Rehearing Denied Feb. 17, 1958.

Merchant & Fitzjarrald, Amarillo, R. C. Hamilton, Amarillo, of counsel, for appellant.

Adkins, Folley, McConnell & Hankins, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a compensation case in which the trial court gave an instructed verdict for the appellee, Trinity Universal Insurance Company, and held the appellant, J. E. Williams, should recover nothing by his cause of action. From this judgment appellant perfected this appeal. This action grew out of an injury the appellant received on October 13, 1956, while he was working for Reeves Company. Appellant and a man by the name of Terry were working together delivering materials for Reeves Company. While they were loading the truck with the materials to be delivered there were certain acts committed whereby the appellant was injured. The sole question here involved is whether the appellant presented sufficient evidence to raise a jury issue of whether or not he sustained the injury within the scope and course of his employment for Reeves Company.

Appellant presents his appeal upon five points of error but presents all five of them together. He contends he presented ample evidence to raise a jury issue in each of the following propositions: whether or not he sustained an accidental injury within the scope and course of his employment for Reeves Company on the occasion in question; whether or not his injury was caused by the act of a third person intending to injure the appellant because of reasons personal to said third person and not directed against the appellant as an employee or because of his employment; whether or not the appellant's injury was caused by his attempt to unlawfully injure some other person not having anything to do with or originating in the work, business or trade of appellant's employer; whether or not his injury resulted from frolic or horse play between appellant and another employee which was not connected with nor had anything to do with the business or affairs of the employer, and whether or not he received his injury as a result of horse play at the hands of a co-employee, and in which horse play appellant did not participate, solicit or invite.

■ Article 8309, Section 1 of the Workmen's Compensation Act, Vernon's Ann. Civ.St. provides in part:

"The term 'injury sustained in the course of employment,' as used in this Act, shall not include: * * *. 2. an injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as as employee, or because of his employment."

By the terms of the Workmen's Compensation Act, a compensable injury is one which results to an employee by accident arising out of and in the course of the employment. An injury is said to arise out of the employment when it occurs in the course of the employment and is a natural or probable consequence or incident of it. There must be some causal relation between the employment and the injury; but, if the injury is one which, after the event, may be seen to have had its origin in the

employment, it need not be shown that it is one which ought to have been foreseen or expected.

In the case of injuries inflicted by assault, the rule is that if one employee assaults another solely from anger, hatred, revenge or vindictiveness, not growing out of or as an incident to the employment, the injury is to be attributed to the voluntary act of the assailant, and not as an incident of the employment. But if the assault be incidental to some duty of the employment, the injuries suffered thereby may properly be said to rise out of the employment. The statement of the rule, as thus determined by authorities, is simple enough. Its application is sometimes fraught with puzzling effect. The vital question seems to be: was the accident connected with the employment? If it was, then it arose out of the employment, provided it occurred in the course of the employment. And the fact that the injury was deliberately and intentionally inflicted does not remove the occurrence from the category of an accident as contemplated by the statute.

We are of the opinion it is the rule in this state that compensation is recoverable where the injury received by an employee resulted from horse play engaged in by fellow employees in which the claimant took no part. In determining whether the appellee by his testimony brought himself within the Workmen's Compensation Act, we deem it best to show that part of the testimony relied upon by him, as follows:

"Q. And you say that the morning this happened on October 13, 1956, Terry just walked up and hit you on the left shoulder, is that right? A. That is right.

"Q. With his fist? A. Yes, sir.

"Q. For no reason at all? A. No reason from my part.

"Q. Well, you hadn't done anything to him or he hadn't said anything to you, just walked up and hit you on the left shoulder?' A. That is absolutely right.

"Q. And then he walked around on the other side with his fist and hit you on the right shoulder? A. That is right.

"Q. And didn't say anything to you, didn't give any reason, and you hadn't done anything, he just walked right up and hit you, is that right? A. Yes, sir, and after he hit me on the left side, we had talked about it, that is on the left side, the first lick, that is whenever I told him it looked like he would have jumped on somebody his size, somebody that could take his punishment and return it, and it looked like a cowardly way of doing, jumping onto me, and that is when he drifted to my right side and at the same time all of that talk was going on, I reached for this board, and he said, "Nobody can talk to me that way," and hit me on the right side.

"Q. With his fist? A. With his fist.

"Q. And that is the conversation you had with him, as you told him, as you relate to the jury, that is what you said and what he said to you? A. Yes, sir.

"Q. And then hit your right shoulder and you reached down to pick up this piece of 2 X 6, didn't you? A. Yes, sir.

"Q. And you were going to get that piece of 2 X 6 to defend yourself or hit him with? A. Defend myself.

"Q. And when you reached down after that 2 X 6, that is when he grabbed your neck with his arm, isn't it? A. Yes, sir.

"Q. And jerked it two or three times, and I think you said he held you there six or seven seconds and then turned you loose? A. Yes, sir."

Appellant testified that he was injured when Terry grabbed him around the neck. If this is to be considered as horse play, the appellant took part by seeking the 2 X 6 to protect himself as he so stated. If these acts were for no reason at all they were not directed against appellant as an employee, or because of his employment. We are of the opinion that the points here involved are thoroughly discussed in the case of Texas Indemnity Ins. Co. v. Cheely, Tex.Civ.App., 232 S.W.2d 124, writ refused by the Supreme Court, and held contrary to appellant's contention here. The court in the Cheely case discussed the different authorities and the different contentions and cited ample authorities, and we believe any further comment on our part would be surplusage.

Judgment of the trial court is affirmed.