**SECURITY INSURANCE COMPANY, Appellant,**

v.

**Izzat NASSER, Appellee.**

**No. B14–85–000257–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 7, 1988.

W. Richard Ellis, III, Houston, for appellant.

Stevens F. Mafrige, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This workers compensation case involving a worker, who was assaulted on the job by a third party, is before us on remand from the Supreme Court. *Nasser v. Security Insurance Company*, 724 S.W.2d 17. We previously reversed the judgment of the trial court and rendered judgment that the appellee-worker take nothing because his injury was not sustained in the course of his employment. Rather, we held that the worker's injury fell within the third party "personal-animosity" exception of the Workers' Compensation Act. Tex.Rev.Civ.

Stat.Ann. art. 8309 § 1(2) (Vernon 1967); *Security Insurance Co. v. Nasser*, 704 S.W.2d 390, 391. The Supreme Court found to the contrary and held that this exception does not apply because the assault was incidental to some duty of his employment and the jury's verdict incorporated a finding that the third-party assaultor was mentally incapable of entertaining a rational intent to assault the worker. 724 S.W.2d at 19. We must now review factual sufficiency and other points not addressed by our original opinion. Before doing so, we will, for clarity and to provide a proper setting, detail again the pertinent factual background.

Appellee, Izzat Nasser, worked as the manager of a Hamburgers By Gourmet outlet. During this time he became acquainted with Marianne Dawes. Dawes worked nearby and visited the restaurant two to three times daily. During her visits, appellee would sit and talk with her. Although appellee and Dawes did go out on one date, they both claimed that there was no romantic involvement between them.

In the course of their discussions, Dawes revealed that she had a boyfriend, Victor Daryoush, whom she had dated for a number of years. She also explained that they were involved in an automobile accident in which Daryoush received a head injury. After the accident he began to experience hallucinations, was diagnosed as psychotic and schizophrenic, and was in and out of mental institutions.

One evening Daryoush came into the Hamburgers By Gourmet managed by appellee. He purchased a Coke and then left for about thirty minutes. He returned, approached the counter where appellee was working, and said that he wanted to talk with him right away. Appellee immediately suspected that this might be Dawes' boyfriend and was concerned that he might be dangerous. In an effort to avoid any confrontation, he turned to another female customer and told Daryoush that she was his girlfriend and that he was busy talking to her. Hearing this, Daryoush walked away from the counter.

After attending to his customers, appellee went to his office at the back of the restaurant. Some time later one of his employees came to his office and told him that someone wanted to see him. As soon as appellee walked out of his office, Daryoush attacked him with a knife, stabbing him twice in the stomach. These injuries formed the basis of the jury verdict on which the trial court rendered judgment in favor of the appellee-worker.

Appellant's first four points of error are addressed to evidentiary concerns directed at Special Issue No. 1, concerning whether appellee was injured in the course of his employment. Three of these points of error are specifically directed to the instruction accompanying that issue which defined "injury in the course of employment" and the third-party personal animosity exception, along with its limitation. The fourth point of error challenges the form of Special Issue No. 1 as submitted. Appellant's remaining six points of error concern the admissibility of certain evidence and improper jury argument. We will address those issues not disposed of by the Supreme Court's opinion.

Since these first four points of error are directed at Special Issue No. 1 and its accompanying instruction, we now set it out as submitted to the jury:

### Special Issue # 1

Do you find from a preponderance of the evidence, that Izzat Nasser was injured in the course of his employment on or about February 20, 1981?

"'INJURY IN THE COURSE OF EMPLOYMENT' means any injury having to do with and originating the work, business, trade, or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere. An injury is not in the course of employment if it is caused by the act of another person intended to injure the employee because of reasons personal to the employee and not directed against him as an employee or because of his

employment if it is caused by the act of another person intended to injure the employee because of reasons personal to the employee and not directed against him as an employee or because of his employment. A person cannot intend to injure an employee if the person is incapable of entertaining a rational intent or is incapable of rational reasoning."

ANSWER ("We do." or "We do not.")

ANSWER  We do

Appellant, in his first and third points of error, asserts there was no evidence or insufficient evidence to support the jury's answer to this issue. The Supreme Court disposed of the no evidence point by holding there was some evidence to support the jury's answer to the issue. While the Supreme Court's opinion spoke with finality as to the injury being in the course of employment, and as to the inapplicability of the "personal animosity" exception, we do not read the opinion as precluding our review of the appellant's sufficiency of the evidence point regarding this issue. The Court's concluding sentence of that opinion buttresses our interpretation in that it remands the case to us "for consideration of factual sufficiency points" not addressed by us in accordance with *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); 724 S.W.2d at 19. We now proceed to do so.

In his first and third points of error, appellant essentially contends the trial court erred in denying its motion for instructed verdict and its motion for judgment N.O.V. because there was insufficient evidence to support Special Issue No. I, and the jury's affirmative answer thereto. In short, appellee contends there was insufficient evidence that appellee was injured in the course of his employment.

■ In addressing this issue, we do not now, nor did we in our original opinion, question the fact that appellee was injured in the course of his employment—*unless the so-called "personal animosity" exception was applicable.* In this regard, the undisputed evidence shows that Appellee (Nasser) was at work in his office and was stabbed by Daryoush when he came out of the office after being told that someone wanted to see him. As assistant manager, he was instructed to talk to customers and he reasonably assumed a customer wanted to see him. If we isolate the circumstances of the assault, he was obviously injured while carrying out a duty of his employment. We cannot, however, review such injury circumstances in a vacuum where the evidence raises the personal animosity exception. Personal animosity cases almost always occur when the employee is working on the job. The only disputed question here is whether the personal animosity exception applied to remove the injury from the "course of employment" as that term is defined by law. That exception, contained in Article 8309 Sec. 1 of the Workers Compensation act, provides:

[T]he term "injury sustained in the course of employment," as used in this Act, shall not include:

(2) An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment.

The real question in issue here was, and is, does the personal animosity exception apply under the facts of this case? Appellant asserts that it clearly does and appellee argues that the "rational intent" exception makes it inapplicable. A finding that the assaultor is mentally incapable of forming a rational intent or was incapable of rational reasoning removes the personal animosity exception. *Petroleum Casualty Co. v. Kincaid*, 93 S.W.2d 499, 501 (Tex. Civ.App.—Eastland 1936, writ dism'd).

The Supreme Court in remanding this case gave two reasons why the personal animosity exception was inapplicable to deny compensation in this case: First, the assault was incidental to some duty of Nasser's employment and therefore the injuries he suffered arouse out of the employment; second, the jury's answer to Special Issue No. 1 incorporated a finding that the assaulting party, Daryoush, was "incapable of entertaining a rational intent or was incapable of rational reasoning". As previously stated, while the Supreme Court's opinion is expressed in a tone of finality

with regard to its findings, we assume that the Court simply found that there was some probative evidence to support these two grounds. Our constitutional duty then is to determine on remand whether the evidence supporting these two findings was factually insufficient, or so against the great weight and preponderance of the evidence as to be manifestly unjust. Our review of the evidence, under the standard laid down by the Supreme Court in its opinion, convinces us that the evidence is sufficient to support the jury's answer to Special Issue No. 1.

The Supreme Court has mandated that we should consider the factual sufficiency points in accordance with *Pool v. Ford Motor,* 715 S.W.2d 629. *Pool* requires that we examine and state in detail the evidence relevant to the issue *when reversing on insufficiency grounds.* 715 S.W.2d at 635. Since we are not reversing on these grounds, we presume that such a detailed statement of the evidence is not necessary. However, in view of the history and posture of this case, we will set out the essential evidentiary basis of our decision. We perceive that the Supreme Court has narrowed considerably the applicability of the personal animosity exception in cases involving intentional assault. This narrowing also merits a more detailed explanation of our evidentiary review.

The Supreme Court's holding that the injury in this case was incidental to some duty of Nasser's employment and, thereby, precluded the personal animosity exception, merits further explanation. The court, in reaching its conclusion, reasoned that it was part of Nasser's job to talk with and be nice to customers; as a result of performing this aspect of his job, he was stabbed. The court also held that whenever conditions attached to the place of employment are factors in the catastrophic combination, the consequent injury arises out of the employment. 724 S.W.2d at 19. The Court cited as primary support for this holding *Garcia v. Texas Indem.,* 146 Tex. 413, 209 S.W.2d 333, 336 (1948). *Garcia* involved a worker, who because of a pre-existing physical condition—epilepsy, fell against a sharp-edged physical object that

was a fixed part of his workplace. (For an analogous comparison of such so-called "idiopathic-fall" cases, *see* A. Larson, *The Law of Workman's Compensation,* § 12.14(b) (1982).) The Supreme Court similarly concluded that the dispute, if any, between Nasser and Daryoush "arose in the workplace, or was exacerbated by, or in the very least, was incidental to a duty" of Nasser's employment. *Id.* This conclusion is apparently based to a large degree on the Court's earlier finding that had it not been for Miss. Dawes' visits to the restaurant as a customer, Daryoush would never have seen Nasser talking to her. However, we find no evidence in the record that Daryoush ever saw Dawes talking to Nasser at the restaurant. There is testimony that Nasser and Dawes dated on one occasion away from the restaurant. We assume the Court's conclusion was grounded on the rationale that the jury must have inferred from the evidence that Daryoush saw Nasser and Dawes together at the restaurant. The jury is entitled to make such an inference if it is reasonable and based on the facts proved. *Walters v. American States Ins. Co.,* 654 S.W.2d 423 (Tex.1983).

We find the jury could, from the evidence, rationally infer that Daryoush must have seen Dawes talking with Nasser at the restaurant. The evidence shows that for some period of time, between six months and a year-and-a-half, Ms. Dawes worked next door to the restaurant and went there as a customer at least twice each day, during which time she would sit and converse with Nasser. The evidence also shows that Dawes never told Daryoush about such meetings or about her one social date with Nasser. This date occurred during the time when Daryoush was in the mental ward of a local hospital. Nasser testified that he did not know Daryoush prior to the assault. Based on this evidence, the jury could reasonably infer that Daryoush must have learned of Nasser's contacts with Dawes by observing them together at the restaurant. This reasonable inference enables the jury to conclude that Nasser's contacts with Dawes at

the restaurant were a causal factor in the assault. The Supreme Court has now clearly said that if such causal factors are part of the catastrophic combination of elements which results in injury, it is compensable. The rationale is that Nasser was carrying out a duty of his employment—being friendly with a customer—and this was an important factor in the chain of events that led to the assault and injury.

The appellant, on the other hand, argues that the emphasis should be on the motivation of the third party who commits the assault. That the rule is, if the assault is personal to the assailant and the one assaulted, and is not directed against the latter as an employee or because of his employment, the injury is not in the course of employment. The employment may provide the occasion or opportunity for the assault, but it is not the cause. *Highlands Underwriters Insurance Company v. McGrath*, 485 S.W.2d 593, 595 (Tex.Civ. App.—El Paso, 1972, no writ). Appellant also points out that Nasser discussed personal problems with Dawes and had a date with her and these were not part of his duties.

Such cases as *McGrath* do create some confusion as to the standard, to be applied. But the Supreme Court has now clarified the standard, and if there is a real employment-related causative factor, the injury is within the course of employment notwithstanding that there may be some personal motivation for the third-party assault. The relative contributions of employment and personal causes need not be weighed under these circumstances but the employment factor must be real, not fictitious. Mere occurrence of the assault at the workplace, standing alone, is not enough. Larson, *supra* § 12.14(b).

Our finding of sufficient evidence to support the causative-factor standard makes the second element concerning rational intent moot in this case. However, we have also reviewed the evidence with regard to that issue, and find that there is sufficient evidence to support the jury's implied findings that Daryoush was incapable of forming a rational intent, or was incapable of rational reasoning. Such a finding precludes operation of the personal animosity exception from third-party assault cases involving workers compensation. *See Petroleum Casualty Co. v. Kincaid*, 93 S.W.2d 499. There is evidence that Daryoush had been injured in an auto accident approximately a year earlier, and that his personality had changed from normal to suspicious and mean. He also suffered hallucinations, heard imaginary voices, and was diagnosed as paranoid schizophrenic. There was testimony that he was subject to psychotic episodes, and could very easily attack and kill a man under a hypothetical situation similar to the facts of this case. There was expert testimony that his condition was permanent, but could be controlled by medication. Evidence was also presented indicating that he had not been taking his medicine. There was ample testimony by people who observed him on the day of the stabbing that he was not acting normal. There was both expert and lay testimony concerning his mental condition and behavior reflecting that condition. Appellant asserts that because there was no expert testimony that Daryoush was incapable of entertaining a rational intent or incapable of rational reasoning at the time of the assault, such evidence is irrelevant. While it is correct that the treating psychiatrist's deposition testimony reflected that his treatment of Daryoush ended some eight months prior to the assault, there is still additional lay testimony as to his abnormal behavior on the day of the assault. Lay testimony is admissible if it is rationally based on the perception and observations of the witness. Tex.R.Civ.Evid. 701. We find the evidence is sufficient to support the jury's finding incorporated in Special Issue Number One that Daryoush was "incapable of entertaining a rational intent or was incapable of rational reasoning at the time of the assault", and that such finding was not against the great weight and preponderance of the evidence so as to be manifestly unjust.

Appellant further alleges that the court erred in submitting the "rational intent" instruction because it did not go to an

ultimate issue in the case, it was not supported by appellee's pleadings, and the instruction constituted a comment on the weight of the evidence. We find these points of error to be without merit. Plaintiff's Original Petition alleges that "alternatively, Plaintiff would say that he was attacked in the course and scope of his employment by a person, who at the time of the attack was mentally incompetent or insane." While the pleading does not frame the issue with exactness, it is sufficient to support the instruction. The record does not reflect any special exception to the pleading by appellant.

As to the ultimate issue point by appellant, we couple it with the fourth point of error complaining of the trial court's refusal to submit appellant's requested issue on course of employment, which was as follows:

> Do you find that from a preponderance of the evidence that such injury was caused by an act of Victor Daryoush directed against Plaintiff as an employee or because of his employment rather than for personal reasons?

█ We find that the trial court's inclusion of the rational-intent exception as an instruction and part of the course of employment issue was proper. The Texas Pattern Jury Charges provide that it is proper to submit the personal-animosity exception as an instruction accompanying the course of employment issue. P.J.C. 21.20, "Comment." It follows that if the evidence also raises the issue of the rational-intent exception, it can also be included as part of such an instruction. *See Liberty Mutual Ins. Co. v. Hopkins*, 422 S.W.2d 203 (Tex. Civ.App.—Beaumont 1967, writ ref. n.r.e.). If course of employment is not submitted as a separate issue, the personal animosity exception may be submitted as appellant suggests. In any event, Special Issue No. 1 properly covered the issue to be determined, and it was not reversible error to submit it in the form utilized with the concerned instructions. Further, we do not find the inclusion of the rational-intent exception to constitute a comment on the weight of the evidence mandating a rever-

sal. If it is a comment, it is only incidentally so, and it is otherwise a proper instruction which the jury is capable of considering against the backdrop of the evidence submitted. Tex.R.Civ.P. 277; *see Texas Employers Ins. Co. v. Percell*, 594 S.W.2d 182 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.).

█ Appellant in its fifth point of error asserts that the trial court erred in admitting certain testimony from Dawes concerning her personal observations of Daryoush after his injury in the automobile accident up to the day he assaulted Nasser. Appellant contends her testimony was hearsay and irrelevant to any issue in the case. We disagree. First, her observations were relevant to the issue of Daryoush's mental condition. In any case involving an intentional assault on the employee, the claimant has the burden to persuade the trier of fact that the attack was not motivated by reasons personal to the employee, but was directed against him because of his employment. *Highlands Insurance Co. v. McGrath*, 485 S.W.2d at 593. Thus when the issue of the personal animosity exclusion arose, the appellee was entitled to rebut it by raising the rational-intent exception. Hence, Daryoush's mental condition became an issue and appellant was entitled to introduce evidence in that regard. Dawes was intimately familiar with Daryoush's condition, because she was able to observe him for over a year preceding and right up to the day of the assault. All of her testimony was relevant to show that Daryoush's mental condition was a continuing problem.

█ Nor do we find merit in appellant's contention that testimony of Marianne Dawes concerning Daryoush's condition was improper hearsay evidence. As a lay witness, she was entitled to give her opinion based on her perceptions and observations of Daryoush over a considerable period of time. Tex.R.Civ.Evid. 701. Further, her testimony as to Daryoush's seeing things flying in the air was not hearsay. Her testimony about his hallucinations was not offered to prove the truth of his statements, but to show that he made the state-

ments which were relevant to the issue of his mental condition. See Tex.R.Civ.Evid. 803(3). Appellant's principal objection seems to be that the evidence was too remote in time to be relevant to Daryoush's state of mind at the time of the assault. The evidence is clear from the expert witness, a psychiatrist, that his diagnosed mental condition was permanent but could be controlled by drugs. In fact, Dawes' testimony covered her observations of his altered mental state from the date of the auto accident up to and including the day of the assault. Her testimony was relevant to the issue of his ability to form a rational intent, and the jury was entitled to evaluate it.

In its sixth and seventh points of error, appellant contends the court erred in permitting Jan Banker, an attorney, to testify in rebuttal and in failing to exclude certain of his testimony because it was hearsay. We find no merit in appellant's contention that Banker should not have been permitted to testify because he was not identified prior to trial in accordance with Tex.R.Civ.P. 215(5). Appellant failed to preserve the error, if any, by proper objection at the time Banker was called to testify. We also disagree that Banker's testimony was not in the nature of rebuttal. Appellant introduced court documents concerning the criminal proceedings against Daryoush stemming from his assault on Nasser to support its contentions as to Daryoush's mental state. Appellee was entitled to rebut that evidence through Banker, the attorney who represented Daryoush in the criminal proceedings. We also find appellant's hearsay objection as to Banker's testimony to be without merit because the evidence was not offered to show the truth of the matter asserted but to show Daryoush's state of mind at the time. There is no issue before us as to its relevance. The hearsay point is overruled.

Appellant's eighth point of error complains of the trial court's failure to strike an allegedly unresponsive answer made by the witness Banker to appellee's question. Appellee asked Banker about the number of times he saw Daryoush as part of his assignment to represent him in the criminal matter. Banker responded to the question and mentioned the criminal charge against Daryoush and talked about where he had met with Daryoush. The answer was technically non-responsive but appellant has shown no harm resulting from the testimony. Other evidence introduced by appellant from the criminal record of Dayoush had put the elements of the criminal charge before the jury. Banker's mentioning the place of the meeting between Daryoush and himself could be regarded as somewhat responsive to the question. In any event, we see no prejudicial harm accruing to appellant from such information. The point of error is overruled.

In appellant's ninth point of error, it alleges the trial court erred in permitting appellee's counsel in argument to discuss the amount of the award appellee might receive. We find no harmful error here as the reference to any damages was in vague, general terms with no specific amount mentioned. Also, it was somewhat in response to appellant's implication by its questions during the trial, that the healing of appellee's injury might be delayed by his desire for monetary gain from the lawsuit. The Court's instruction to the jury to disregard the argument cured the error, if any.

Appellant's final point of error complains of the rebuttal jury argument by appellee's counsel concerning a decrease in appellee's wages which was relative to the partial incapacity issue. Because appellee's counsel did not fully open, this subject was not covered and appellant alleges harm for it to be allowed in rebuttal. Appellant has failed to properly allege error in this regard. The standard is whether the trial court abused its discretion in permitting the subject to be argued during rebuttal. *Costa v. Storm*, 682 S.W.2d 599, 605 (Tex. App.—Houston [1st Dist.] 1984). Nonetheless, we have considered this point and find no reversible error. The jury in its answer to special issues found no partial incapacity, therefore, no harm is shown. Point of error ten is overruled.

The judgment of the trial court is affirmed.