Izzat NASSER, Petitioner,

v.

**SECURITY INSURANCE COMPANY, Respondent.**

No. C–5097.

Supreme Court of Texas.

Jan. 28, 1987.

Rehearing Denied March 11, 1987.

Stevens F. Mafrige, Mafrige & Kormanik, P.C., Houston, for petitioner.

W. Richard Ellis, III, Kathryn A. Carpenter, McCulloch & Ellis, Houston, for respondent.

ROBERTSON, Justice.

This is a workers compensation case in which plaintiff, Izzat Nasser, recovered benefits for total and permanent incapacity in a trial before a jury. The primary question on appeal is whether Nasser's injury was sustained in the course of his employment. The court of appeals held that it was not and reversed the judgment of the trial court and rendered judgment that Nasser take nothing. 704 S.W.2d 390. We disagree with the court of appeals and reverse the judgment of the court of appeals and remand this cause to that court for further consideration consistent with this opinion.

On February 20, 1981, while employed as the assistant manager of a Hamburgers By Gourmet outlet, Nasser was stabbed by a customer, Victor Daryoush. Daryoush was a former mental patient and was also the former boyfriend of another customer, Marianne Dawes. Dawes worked in the vicinity of Hamburgers By Gourmet and visited the restaurant two to three times daily. During these visits, Nasser would occasionally sit with and talk to Dawes while she was eating. Daryoush apparently saw Dawes and Nasser sitting together on one of these occasions and became jealous. Both Nasser and Dawes testified there was no romantic involvement between them. On the occasion in question, Daryoush came into the restaurant, ordered a Coke and then left for about thirty minutes. He returned, approached the counter where Nasser was working and said that he wanted to talk to Nasser right away. In an effort to avoid confrontation, Nasser told Daryoush that he was busy with another customer. Daryoush walked away from the counter and Nasser went to his office at the back of the restaurant. Some time later, an employee came to Nasser's office and told him that someone wanted to see him. As soon as Nasser walked out of his office, Daryoush attacked him, stabbing him twice in the stomach.

Nasser brings three points of error, but the thrust of his argument under each point is the same: the court of appeals improperly disregarded evidence tending to support the jury's finding.[1] Article 8309 of the Workers Compensation Act provides

[T]he term "injury sustained in the course of employment," as used in this Act, shall not include:

\*    \*    \*    \*    \*    \*

(2) An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment.

\*    \*    \*    \*    \*    \*

TEX.REV.CIV.STAT.ANN. art. 8309, § 1(2) (Vernon 1967).

The court of appeals stated that its review of the record indicated that this case fell squarely within the above-quoted "personal animosity" exception. Thus, the court of appeals held that there was no evidence to support the jury's finding that Nasser was injured in the course of his employment. In deciding a no evidence point, the court should consider only the evidence and reasonable inferences therefrom, which viewed in its most favorable light, supports the jury finding and must reject all evidence or reasonable inferences to the contrary. *Glover v. Texas General Indem.*, 619 S.W.2d 400 (Tex.1981). Although the court of appeals purported to apply this standard, in fact, it did not. On the contrary, the court of appeals relied only upon evidence not favorable to Nasser and which supported a finding contrary to that of the jury. This evidence should have been disregarded. Proper application of the no evidence standard reveals some evidence to support the jury's finding that the assault was directed against Nasser as an employee or because of his employment.

■ In describing some of his duties as assistant manager, Nasser stated that it was part of his job to "be nice to the customers, serve people." He was instructed to talk to the customers. Nasser would frequently sit down with a customer who was dining alone if he was not busy

---

1.         Special Issue # 1

Do you find from a preponderance of the evidence, that Izzat Nasser was injured in the course of his employment on or about February 20, 1981?

" 'INJURY IN THE COURSE OF EMPLOYMENT' means any injury having to do with and originating in the work, business, trade, or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere. An injury is not in the course of employment if it is caused by the act of another person intended to injure the employee because of reasons personal to the employee and not directed against him as an employee or because of his employment. A person cannot intend to injure an employee if the person is incapable of entertaining a rational intent or is incapable of rational reasoning."
ANSWER ("We do." or "We do not.")
ANSWER: <u>We do</u>

with other restaurant business. On the night in question, when told that someone wanted to see him, Nasser assumed it was a customer with a problem. It was his job to deal with customers and keep them satisfied. It was because of Dawes' status as a customer that Nasser ever became acquainted with her. Had it not been for her visits to the restaurant *as a customer*, Daryoush would never have seen Nasser talking to Dawes. We hold that this is some evidence to support the jury's finding that Nasser was injured in the course of his employment.

Further, the purpose of the "personal animosity" exception is to exclude from coverage of the Act those injuries resulting from a dispute which has been transported into the place of employment from the injured employee's private or domestic life, at least where the animosity is not exacerbated by the employment. *Commercial Standard Ins. Co. v. Marin*, 488 S.W.2d 861 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.). Whenever conditions attached to the place of employment or otherwise incident to the employment are factors in the catastrophic combination, the consequent injury arises out of the employment. *Garcia v. Texas Indem.*, 146 Tex. 413, 209 S.W.2d 333, 336 (1948). *See also Williams v. Trinity Universal*, 309 S.W.2d 850 (Tex. Civ.App.—Amarillo 1958, no writ) (if the assault is incidental to some duty of employment, the injuries suffered thereby arise out of the employment). It was part of Nasser's job to talk to customers. As a result of his performance of this aspect of his job, he was stabbed by Daryoush. The dispute, if any, between Nasser and Daryoush was not one that was transported from Nasser's private life into the workplace. The dispute, if any, arose in the workplace or was exacerbated by, or in the very least, was incidental to, a duty of Nasser's employment.

Additionally, the jury's answer to issue number one incorporates a finding that Daryoush was "incapable of entertaining a rational intent or was incapable of rational reasoning." Such a finding prevents operation of the "personal animosity" exception. In *Petroleum Casualty Co. v. Kincaid*, 93 S.W.2d 499, 501 (Tex.Civ.App.

—Eastland 1936), *writ dism'd* 132 Tex. 325, 122 S.W.2d 1048 (1939), it was held that no such exception is shown where the assailant acts due to "insanity or a belief in a state of things, the existence of which no rational person would believe." In that case, Hoskins, the deceased, was employed as a telephone repairman. As part of his job duties, he was called upon to make repairs at the place of employment of Moore and he became acquainted with Moore. Hoskins was also called upon to make repairs at the home of Moore and he became acquainted with Moore's wife. Thereafter, Moore became convinced that Hoskins had become intimate with Moore's wife. On the occasion in question, Moore manipulated the telephone equipment at his place of employment, knowing that it would be the duty of Hoskins to come repair the equipment. When Hoskins arrived, he was shot and killed by Moore. The trial court made a finding that the "belief on the part of the said J.G. Moore was a hallucination and no reasonable grounds upon which to base said belief [existed]." The court of appeals held that this finding removed the case from the "personal animosity" exception and thus, the employee's injuries were compensable under the Act. The facts in *Kincaid* are strikingly similar to the facts in the case at bar. There was evidence that Daryoush had been released recently from a mental hospital. More importantly, however, there was no evidence that there was any rational basis for Daryoush's belief that Nasser had any romantic interest in Dawes.

Accordingly, no exception to the right to recover provided in article 8309, section 1 applies to prevent an award of compensation in this case. We reverse the judgment of the court of appeals and remand this case to that court for consideration of factual sufficiency points and any other points not addressed by that court in accordance with *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986).