**Julia SHUTTERS, Appellant,**

v.

**DOMINO'S PIZZA, INC. and Domino's Pizza of Texas, Inc., Appellees.**

**No. 12–88–00321–CV.**

Court of Appeals of Texas, Tyler.

June 30, 1990.

Rehearing Overruled Sept. 28, 1990.

Joe Young, Longview, for appellant.

Snow E. Bush, Jr., Longview, for appellees.

RAMEY, Chief Justice.

Appellant Julia Shutters appeals from a summary judgment in an action against her employer alleging negligence and gross negligence. We reverse and remand.

Appellant and Russell Harris, a co-defendant in this cause (hereinafter "Harris"), were employees of Domino's Pizza, Inc. and Domino's Pizza of Texas, Inc. (hereinafter "appellees"). On April 11, 1986, while appellant and Harris were on duty at one of the appellees' business locations, Harris sexually assaulted appellant. Subsequently, appellant brought suit against both Harris and the appellees.

Appellant's claim against Harris was for the intentional tort of assault. Appellant's cause of action against the appellees included allegations of negligence and gross negligence in the hiring, training, and supervision of Harris.

Appellees filed a motion for summary judgment asserting immunity pursuant to exclusivity provisions of the Texas Workers' Compensation Laws, Tex.Rev.Civ.Stat. Ann. art. 8306, § 3 (Vernon Supp.1990).[1] In her response, appellant maintained that her suit was not barred since her injury was not sustained "in the course of employment" as defined by the statute. In defining "course of employment," article 8309, section 1, includes the following exception:

> The term 'injury sustained in the course of employment' as used in this Act, shall not include:
>
> . . . .
>
> (2) An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment.

She argues that her injuries resulted from intentional acts of an assailant for reasons personal to her and not directed against her as an employee, or because of her employment. Tex.Rev.Civ.Stat.Ann. art. 8309, § 1 (Vernon 1967).

Appellant by her sole point of error asserts that the trial court erred in granting the summary judgment, because a material issue of fact exists as to whether she was "in the course of her employment" when the assault occurred.

---

**1.** Unless there has been a substantive change in the pertinent language used, all citations in this opinion shall be to the most recently published source in effect.

The standards for reviewing a motion for summary judgment are well established. They are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985).

In their motion for summary judgment, appellees argue that appellant's *exclusive* remedy lies in the Texas Workers' Compensation Laws. They maintain that appellant possesses no right of action against them for injuries she sustained in the course and scope of her employment except as provided by statutory workers' compensation, and thus the present cause is barred. Appellees also contend that appellant waived her cause of action by accepting benefits under the workers' compensation policy.

As the defendants/movants, the burden of proof for the summary judgment was reposed upon appellees to show *as a matter of law* that no material issue of fact existed as to any cause of action against them. *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). Movants' only summary judgment evidence was an affidavit from an employee of appellees' legal administration department which stated that, at the time of the incident in question, appellant was an employee of the appellees and that she accepted workers' compensation benefits in the form of medical payments for the injuries sustained.

■ In her response to appellees' motion, appellant contends that appellees failed to offer any summary judgment proof that the assault occurred while she was within the course of her employment. In the affidavit attached to the response, appellant specifically denied that her injuries occurred in the course of her employment. She maintained that her injuries were due to an assault by Harris as a result of personal feelings which Harris held for her as an individual and not as an employee of appellees. She argues that the Texas Workers' Compensation Act specifically excludes any injury caused by the act of a third party intended to harm an employee because of reasons personal to the victim and not directed against the employee as an employee or because of her employment. Tex.Rev.Civ.Stat.Ann. art. 8309, § 1 (Vernon 1967). She also denied movants' allegations that she had ever filed a claim for workers' compensation benefits, thereby joining issues factually on the waiver contention. Appellees did not respond to appellant's contentions or her summary judgment evidence. No summary judgment evidence was adduced as to appellant and Harris' prior relationship, nor as to Harris' mental condition at the time of the occurrence.

■ At the outset we note that in Texas whether appellant was in the course of her employment when she received her injuries is ordinarily a question of fact. *North River Ins. Co. v. Purdy*, 733 S.W.2d 630, 634 (Tex.App.—San Antonio 1987, no writ); *Director, State Employees Workers Compensation Division v. Bush*, 667 S.W.2d 559, 562 (Tex.App.—Dallas 1983, no writ); *Standard Fire Ins. Co. v. Rodriguez*, 645 S.W.2d 534, 540 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). Furthermore, the mere fact that the injury is caused by a co-employee is not controlling of the question of whether the injury is compensable under the Texas Workers' Compensation Act. *Texas Indemnity Ins. Co. v. Cheely*, 232 S.W.2d 124, 126 (Tex.Civ.App.—Amarillo 1950, writ ref'd); *United States Casualty v. Henry*, 367 S.W.2d 405, 406 (Tex.Civ. App.—Waco 1963, writ ref'd n.r.e.).

■ Although one's employment may be the occasion for the wrongful act or may give a convenient opportunity for its execution, the *general rule is that an injury does not arise out of one's employment if the*

assault is not connected with the employment, or is for reasons personal to the victim as well as the assailant. *Highlands Underwriters Ins. Co. v. McGrath,* 485 S.W.2d 593, 595 (Tex.Civ.App.—El Paso 1972, writ ref'd n.r.e.).

In discussing *Vivier v. Lumbermen's Indemnity Exchange,* 250 S.W. 417 (Tex. Comm'n App.1923, judgmt adopted), and *Service Mutual Ins. Co. of Texas v. Vaughn,* 130 S.W.2d 392 (Tex.Civ.App.—Beaumont 1939, writ denied, judgmt cor.), the San Antonio Court of Appeals in *Commercial Standard Insurance Co. v. Marin,* 488 S.W.2d 861 (Tex.Civ.App.—San Antonio 1972, writ ref'd n.r.e.), held, "It is one thing for the assailant to say, 'I'm going to the X company, where [appellant] works, for the purpose of [attacking appellant],' and another thing for him to say, 'I'm going to the X company for the purpose of [attacking] whoever might be on duty there.'" *Marin,* 488 S.W.2d at 867. The former is an example of antecedent feelings directed toward the victim personally, and not compensable under workers' compensation. *Id.*

*Marin* is also cited for the proposition that a rape victim stands in precisely the same posture as a robbery victim in the establishment of a causal connection between her employment and the injury. *Marin,* 488 S.W.2d at 868, 869.

Appellant raised a material fact issue in her response as to the motivation of the attack on her which invoked the intentional assault exception to the definition of "course of employment" under the Workers' Compensation Act. The burden of proof was then placed upon the appellees to prove as a matter of law that the assault did not arise from personal matters, but rather was directed against appellant because of reasons connected with her employment. The appellees did not undertake to do so.

We hold that a genuine issue of material fact exists as to whether appellant's injuries occurred while in the course of her employment. This issue must first be determined before it can be held that the Texas Workers' Compensation Act is applicable. *Dallas Independent School District v. Porter,* 759 S.W.2d 454, 456 (Tex. App.—Dallas 1988, writ denied). Appellant's sole point of error is sustained.

The judgment of the trial court is reversed and the cause remanded for trial on its merits.

## OPINION ON REHEARING

Appellees bring this motion for rehearing requesting that the Court reconsider its opinion reversing and remanding the trial court's summary judgment. By their motion, appellees contend that this Court erred in reversing the trial court's summary judgment because there is no question of fact as to the employment of appellant, and the trial judge's ruling should be affirmed because appellant's exclusive remedy lies under the Workers' Compensation Act. Appellees' motion for rehearing states that "[t]he thrust of the argument of Domino's [appellees] does not revolve around whether Appellant was injured because of her employment, but whether Worker's Compensation is her exclusive remedy." We will overrule this motion for rehearing.

We agree with appellees that no specific exception to Workers' Compensation coverage has been asserted by appellant to authorize a direct action against the appellees.[1] Appellant seeks to recover from appellees herein for alleged common-law negligence and gross negligence as contended in the motion for rehearing.

In a summary judgment action, however, we must look to the grounds specifically presented in the motion. *Hall v. Harris County Water Control & Imp.,* 683 S.W.2d 863, 867 (Tex.App.–Houston [14th Dist.] 1984, no writ). Here, the motion for

---

1. *For example:* (1) that the appellees were nonsubscribers to the Workers' Compensation law; (2) that appellant gave timely notice in writing when she was employed that she claimed her right of action at common law; (3) that the appellant was intentionally injured by appellees; (4) that the dual capacity doctrine was applicable to the appellees; or (5) that this was a wrongful death action in which appellant asserts appellees were grossly negligent.

summary judgment stated: "Defendants (appellees)... move the Court to grant a Summary Judgment in favor of these Defendants on the ground that Plaintiff (appellant) has no right of action against her employer *for injuries sustained in the course and scope of employment* except as allowed under the Texas Workers' Compensation Laws." (Emphasis ours.) Appellees have predicated their summary judgment upon the basis that appellant has no cause of action against them directly for injuries sustained in the course and scope of her employment.

In the original opinion, our analysis of the evidence herein brought us to the conclusion that a genuine issue of material fact exists as to whether appellant's injuries herein were incurred in the course of her employment.

Appellees' motion for rehearing is overruled.