Rosann **VILLANUEVA**, Appellant,

v.

**ASTROWORLD, INC., S.F. Holdings, Inc., and Six Flags Corporation, Appellees.**

No. 01–93–00064–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 10, 1993.

Rehearing Denied Nov. 10, 1993.

court concerning appellees Astroworld, Inc. and Six Flags Corporation.

During the summer of 1990, both appellant and Joe Guerra worked as ticket-takers at AstroWorld, a theme park located in Houston (AstroWorld). Appellant alleges that late one night, sometime during July or August, Guerra raped her in her ticket booth, shortly after she closed her booth. Guerra claims appellant consented to sexual intercourse. Appellant, who at that time was 16 years old, filed a criminal complaint against Guerra. He pled guilty to sexual assault of a child and was imprisoned. Before his employment at AstroWorld, Guerra had been convicted of the third degree felony offense of unauthorized use of a motor vehicle.

Appellees' motion for summary judgment alleged that: (1) appellant's exclusive remedy is contained within the Texas Workers' Compensation Act; and (2) no causal connection exists between appellant's injury and S.F. Holdings, Inc. and Six Flags Corporation because neither has responsibility for hiring, training, supervision, and control of Astroworld Inc.'s employees. Appellant claims the trial court erred in granting the summary judgment. Her primary argument is that *her injuries resulted from intentional acts of an assailant for reasons personal to her and not directed against her as an employee, or because of her employment.* Tex.Rev.Civ. Stat.Ann. art. 8309, § 1(2) (Vernon 1967).[1]

The standard for appellate review of a summary judgment in favor of a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact about one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the nonmovant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary

Wilson, Grosenheider & Burns, Austin, for appellant.

Fullbright & Jaworski L.L.P., Reagan Wm. Simpson, Jennifer Bruch Hogan, Houston, for appellees.

Before HUTSON–DUNN, ANDELL and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is the appeal of a summary judgment granted in favor of Astroworld, Inc., S.F. Holdings, Inc., and Six Flags Corporation, appellees. Rosann Villanueva, appellant, sued for personal injuries proximately caused by appellees' negligence. Specifically, she claimed that appellees were negligent and grossly negligent in the hiring, training, supervision, and control of appellees' employees. We affirm the judgment in favor of appellee S.F. Holdings, Inc.; we reverse the judgment and remand the cause to the trial

---

1. On January 1, 1991, the new Texas Workers' Compensation and Crime Victims Compensation Act became effective, act of Dec. 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(15), (18), 1989 Tex.Gen. Laws 1, 115, 115. However, the old law applies to this case.

judgment. *Id.* Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

■■■ A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control and Improvement Dist. No 50,* 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

**Injuries sustained in the course of employment**

In her first point of error, appellant asserts the trial court erred in granting summary judgment for all appellees because material questions of fact were raised concerning whether appellant's injuries were sustained "in the course of employment." Appellees' motion for summary judgment asserts as their first ground that appellant's exclusive remedy lies in the Texas Workers' Compensation Act (the Act). In support of its motion, appellees offered: (1) the affidavit and deposition of Linda Aleman, the employee in charge of AstroWorld's hiring; (2) the affidavit and deposition of Ronnie Dunn, the security manager for AstroWorld; (3) the affidavit and deposition of James Michael Glennan, an officer of AstroWorld's parent company; (4) the affidavit of Randy King, the safety and risk manager for AstroWorld; and (5) the depositions of appellant and Guerra.

In her response to appellees' first ground, appellant presented two arguments. First, she claimed that her injuries are of the type defined pursuant to TEX.REV.CIV.STAT.ANN. art. 8309 § 1(2) (Vernon 1967) of the Act. This section (the personal animosity exception) defines "injury sustained in the course of employment" as *not* including "[a]n injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as a employee, or because of his employment." Appellant claimed that she raised questions of material fact concerning whether her injuries were sustained in the course of her employment. Second, she claimed that her injury is not the type of injury originating in the employer's work to be compensable under the Act. *See Biggs v. United States Fire Insurance Co.,* 611 S.W.2d 624 (Tex.1981).

■■■ Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936–37 (Tex.1972). In support of appellant's response to the motion for summary judgment, she offered: (1) her affidavit; and (2) a copy of her 1990 W–2 form.

■■■ Both parties' primary arguments center on one question: whether appellant's injuries were sustained in the course of her employment, as defined by the Act. If so, then appellant's recovery may be limited by the Act. If not, the Act does not disturb appellant's common law remedies. Whether appellant's injuries were sustained in the course of her employment must first be determined before it can be held that the Act is applicable. *Dallas Indep. Sch. Dist. v. Porter,* 759 S.W.2d 454, 456 (Tex.App.—Dallas 1988, writ denied).

■■■ The question of whether appellant was in the course of her employment when she received her injuries is ordinarily a question of fact. *Shutters v. Domino's Pizza, Inc.,* 795 S.W.2d 800, 802 (Tex.App.—Tyler 1990, no writ); *Standard Fire Ins. Co. v. Rodriquez,* 645 S.W.2d 534, 540 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.); *see also Nasser v. Security Ins. Co.,* 724 S.W.2d 17, 19 (Tex.1987) (on a no evidence standard, court upheld jury finding on "injury in the course of employment;" remanded to appellate court for sufficiency review).

Appellees urge that *Nasser* controls. In *Nasser,* the court addressed the meaning of

"injury in the course of employment." 724 S.W.2d at 19. Nasser, the assistant manager of a restaurant, was stabbed by the former boyfriend of a restaurant customer, Dawes. *Id.* at 18. There was evidence that the former boyfriend became jealous when he saw Nasser and Dawes sitting together in the restaurant. *Id.* Later that day, the former boyfriend went to see Nasser, and stabbed him as Nasser walked out of his office. *Id.*

The supreme court held that there was some evidence to support the jury finding that Nasser's injuries were sustained in the course of employment. 724 S.W.2d at 19. In reaching its conclusion, the court reasoned that Nasser testified it was his duty to talk with and be nice to customers, and that he frequently sat down with customers dining alone. *Id.* Nasser stated that when he was called from his office to see the former boyfriend, he assumed that he needed to deal with a customer's problem, also one of his duties. *Id.* The court determined that the stabbing resulted from Nasser's performance of his duties. *Id.* The court reasoned that the dispute was not one transported from Nasser's private life into the workplace, but instead "arose in the workplace or was exacerbated by, or in the very least, was incidental to, a duty of Nasser's employment." *Id.* Appellees claim that *Nasser* controls. We agree that the court's analysis in *Nasser* controls, but we disagree that the result will necessarily be the same.

Procedurally, the case before us is in a different posture. Because the *Nasser* court reviewed a no evidence point of error complaining of an affirmative jury finding, it could view only the evidence supporting the jury finding. *Id.* at 18. On the contrary, because we are reviewing the granting of a summary judgment, we must take as true evidence favorable to appellant, the nonmovant, in deciding whether there is a disputed material fact issue that precludes summary judgment. *Nixon,* 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in her favor. *Montgomery,* 669 S.W.2d at 310–11.

Appellant's personal affidavit maintains that:

Prior to the sexual assault, Mr. Guerra had at one time asked me to go out on a date with him, and I had refused his invitation to go out on a date.

At the time of the assault, Mr. Guerra and I had not been arguing about any circumstance of our work. There were no disagreements existing between us concerning who was doing what in terms of the work conditions. The attack appears to me to have been motivated by his individual attraction to me. Mr. Guerra had waited in the booth for some period of time until I closed the booth before he sexually assaulted me.

*Shutters,* 795 S.W.2d at 801, the primary case relied on by appellant, presents a situation that is factually similar and procedurally identical to the case before us. In *Shutters,* the plaintiff was sexually assaulted by a co-employee while both were on duty at a Domino's Pizza restaurant. *Id.* at 801. Plaintiff sued her co-employee for assault and her employer for negligent hiring. *Id.* The trial court granted a summary judgment for the employer, Domino's, on the basis of immunity pursuant to the Act. *Id.*

Domino's summary judgment proof consisted of an affidavit from an employee of its legal administration department stating that plaintiff and her co-employee were employed at Domino's when the assault occurred and that the plaintiff had accepted workers' compensation benefits for her injuries. *Id.* at 802. Similar to the case before us, the plaintiff's summary judgment response consisted of her personal affidavit specifically denying that her injuries occurred (1) in the course of her employment, or (2) because of her employment, but claiming they were instead personal to her. *Id.*

Appellant's affidavit raised a material fact issue as to the motivation of the attack on her that invoked the personal animosity exception to the Act. The burden then shifted to appellees to prove as a matter of law that the assault did not arise from personal circumstances, but instead from employment circumstances. Appellees claim that the dispute was not transported from appellant's private life into the workplace because (1)

appellant and Guerra knew each other solely as a result of their employment, (2) they met and became acquainted with one another as ticket takers for AstroWorld, and (3) Guerra was present in appellant's ticket booth only because he was assigned to relieve appellant during her break. Appellees then conclude that, similar to *Nasser*, the dispute arose in the workplace or was exacerbated by or incidental to a *duty* of appellant's employment. However, appellees fail to identify which duty of appellant's employment required her to meet, become acquainted with, or be present in the same booth with Guerra.

■ "Surely it would be going too far to say that every assault arises out of the employment if it can be proved that the acquaintance of the parties came about through the employment." A. Larson, *The Law of Workmen's Compensation*, § 11.22 (1992). Although one's employment may be the occasion for the wrongful act or may give a convenient opportunity for its execution, the general rule is that an injury does not arise out of one's employment if the assault is not connected with the employment, or is for reasons personal to the victim as well as the assailant. *Highlands Underwriters Ins. Co. v. McGrath*, 485 S.W.2d 593, 595 (Tex.Civ. App.—El Paso 1972, no writ).

We hold that a genuine issue of material fact exists about whether appellant's injuries occurred while in the course of her employment, and we sustain appellant's first point of error.

**Proper defendants**

In her second point of error, appellant asserts the trial court erred in granting summary judgment as to S.F. Holdings, Inc. and Six Flags Corporation because these defendants failed to show that they were not appellant's employer and that their subsidiary, Astroworld, Inc., was adequately capitalized.

When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America*, 790 S.W.2d at 410. We will therefore review the second ground presented in appellees' motion for summary judgment, the assertion that Astroworld, Inc. had exclusive control over the hiring of AstroWorld's employees and the security of its premises. Thus, appellees claim, Six Flags Corporation and S.F. Holdings, Inc. are entitled to be excluded.

Appellant claims that she raised questions of material fact concerning whether she was an employee of Astroworld, Inc., or of Six Flags Corporation, and that appellees failed to present any summary judgment evidence on the financial status of Astroworld, Inc. to determine its level of capitalization.

■ Appellant's copy of her 1990 W–2 form reflects both Six Flags Corporation and Astroworld, Inc. as her employers. We agree that the inclusion of Six Flags Corporation in the employer section of appellant's W–2 form raises a question of material fact about whether Six Flags Corporation had control over its employees.

■ As a general rule, a parent corporation is not liable for torts committed by its subsidiaries. *Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372, 374 (Tex.1984). Courts will disregard the corporate fiction and hold the parent corporation liable in certain "drastic" circumstances. *Hickman v. Rawls*, 638 S.W.2d 100, 102 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). However, each basis for disregarding the corporate fiction (including inadequate capitalization and alter ego) is an independent ground of recovery that must be specifically pleaded or be waived. *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 688 (Tex. 1991); *Castleberry v. Branscum*, 721 S.W.2d 270, 272, 275 n. 5 (Tex.1986).

■ Appellant never pleaded inadequate capitalization or alter ego. We must assume appellant is attempting to recover from each corporate entity as her employer. As such, although we determined she raised a fact issue concerning whether Astroworld, Inc. or Six Flags Corporation acted as her employer, we cannot make the same determination about S.F. Holdings, Inc.

■ No question of fact was raised in appellant's summary judgment evidence to dispute the depositions in support of appellees' motion for summary judgment. Appellees' depositions, those of Mike Glennan,

Randy King, Linda Alleman, and Ronnie Dunn, establish that S.F. Holdings, Inc. had no responsibility for hiring, supervision, or control of AstroWorld's seasonal employees, or for security at AstroWorld. Although appellant claims that affidavits of these witnesses are conclusory, she does not present controverting evidence to attack the affidavits nor does she attempt to controvert the depositions. A summary judgment may be based solely on the testimonial evidence of an interested witness if that evidence is uncontroverted, clear, positive, credible, free from contradictions and inconsistencies, and could have been readily controverted. *Watkins v. Hammerman & Gainer*, 814 S.W.2d 867, 870 (Tex.App.—Austin 1991, no writ). TEX. R.CIV.P. 166a(c).

We sustain appellant's second point of error as to Six Flags Corporation and overrule appellant's second point of error as to S.F. Holdings, Inc.

The judgment of the trial court in favor of S.F. Holdings, Inc. is affirmed. The judgment concerning Astroworld, Inc. and Six Flags Corporation, is reversed and the cause is remanded to the trial court.