Margaret A. **CAMPBELL, Individually and as Executrix for the Estate of Danny W. Campbell, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE AS-SOCIATION, Employers Casualty Company, and Employers' National Risk Management Services, Inc., Appellees.**

No. 01–93–00152–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 22, 1995.

Rehearing Overruled Jan. 11, 1996.

Paul S. Jacobs, Houston, for appellant.

Michael Phillips, Evelyn T. Ailts, William C. Book, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and MIRABAL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is a lack of good faith and fair dealing case involving workers' compensation in which summary judgment was granted in favor of the workers' compensation insurance carriers against the claimants. We must determine whether the trial court properly granted the appellees motion for summary judgment. We find that it did not, and we reverse the judgment and remand the cause for a trial on the merits.

## Background

Danny Campbell was employed by the Houston Independent School District (HISD) as a crew chief in the trucking department. On April 26, 1988, he and another driver were at Pershing Middle School unloading a truck when Campbell took a break to take some sinus medication. Campbell swallowed the sinus pill and began to wash it down with some lemonade flavored Kool–Aid he had brought from home in a thermos. Campbell took two swallows of the Kool–Aid and immediately felt a burning sensation. He then experienced severe vomiting. He went to an emergency room, where the doctors informed him that he had ingested formaldehyde.

Campbell reported the incident to his employer, HISD. On May 12, 1988, an Employer's First Report of Injury or Illness was forwarded to the Industrial Accident Board. On June 9, 1989, a claim representative for appellees took a recorded statement from Campbell and his wife concerning the events surrounding Campbell's injuries. On June 29, 1989, Texas Employers Insurance Association (TEIA) sent Campbell a statement of controversion denying coverage for Campbell's workers' compensation claims and medical expenses. TEIA denied coverage because appellees' investigation did not reveal an "on-the-job injury." As a result of his injuries, Danny Campbell died December 28, 1990.

Before his death, Campbell and his wife, Margaret Campbell, filed suit against HISD, Texas Employers Insurance Association, and Employers Casualty Company, for breach of the duty of good faith and fair dealing. On February 7, 1991, after her husband's death, Margaret Campbell, appellant, amended her petition in her capacity as executrix of her deceased husband's estate. Through subsequent amended petitions, appellant added Employers National Risk Management Services, Inc., and Eugene Brodhead (the receiver for TEIA, which was then in receivership) as defendants. Appellant also added allegations that the defendants had violated the DTPA[1] and article 21.21 of the Insurance Code.[2]

The appellees, except for Brodhead, moved for summary judgment on the grounds that: 1) as a matter of law they did not breach the duty of good faith and fair dealing, 2) the Campbells' claims were barred by the statute of limitations and 3) the claims against them were barred due to governmental immunity. Appellant moved for partial summary judgment on the grounds that the appellees breached their duties of good faith and fair dealing as a matter of law. The trial court granted the appellees' motion for summary judgment on August 10, 1992. On April 15, 1993, the trial court granted Brodhead's motion for summary judgment.

## Standard of Review

Under TEX.R.CIV.P. 166a(c), summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990). In reviewing the granting of a motion for summary judgment, this Court must take as true all evidence favorable to the nonmovant. *Nixon v. Mr. Property Management, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference must be indulged in favor of the nonmovant, and any doubts resolved in its favor. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988). If we determine that the summary judgment was improperly granted, we will reverse the judgment and remand the cause for a trial on the merits. *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396, 400 (1958); *Long v. State Farm Fire and Casualty Co.*, 828 S.W.2d 125, 127 (Tex.App.—Houston [1st Dist.] 1992, writ denied). When, as in this case, both parties move for summary judgment and at least one is granted and the other overruled, we are authorized to either affirm the judgment or reverse the judgment and render judgment that the trial court should have rendered. *Tobin*, 316 S.W.2d at 400.

---

1. TEX.BUS. & COM.CODE ANN. § 17.46 (Vernon 1968).

2. TEX.INS.CODE ANN. art. 21.21 (Vernon Supp. 1995).

When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Rogers v. Ricane Enter. Inc.*, 772 S.W.2d 76, 79 (Tex.1989); *Brown v. Cain Chemical, Inc.*, 837 S.W.2d 239, 242 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Here, the trial court did not specify on which grounds it was granting the motion for summary judgment; therefore, we must determine if any of the theories asserted by appellees are meritorious.

## Breach of the Duty of Good Faith and Fair Dealing

The duty of a workers' compensation carrier to handle claims in good faith and with fair dealing was established in *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210 (Tex.1988). A workers' compensation claimant who asserts that a carrier breached its duty of good faith and fair dealing by refusing to pay or delaying payment must establish: 1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy; and 2) that the carrier knew or should have known that there was no reasonable basis for denying the claim or delaying payment of the claim. *Id.* at 213. The supreme court has recently reiterated the *Aranda* standard in *Lyons v. Millers Casualty Ins. Co. of Texas*, 866 S.W.2d 597 (Tex.1993) and *National Union Fire Ins. Co. v. Dominguez*, 873 S.W.2d 373 (Tex.1994). Appellant contends that the trial court erred in granting summary judgment for appellees because material questions of fact existed as to whether appellees' denial of payment was reasonable. We agree.

Appellant claims her husband's injuries were sustained in the course of his employment, thus entitling him to workers' compensation benefits under the statute. Appellees contend that Campbell's injuries were the result of the intentional acts of a third person for personal reasons, thus exempting his injuries from coverage. Thus, the issue before us is whether Campbell's injuries were sustained in the course of his employment. If they were, then appellant might be entitled to recovery on her bad faith claim, because appellees' denial of coverage could have been unreasonable. If, on the other hand, his injuries were not sustained in the course of his employment with HISD, then summary judgment was proper.

Appellees contend that Mr. Campbell's injuries fall under the "personal animosity" exception to the workers' compensation laws:

The term "injury sustained in the course of employment," as used in this Act, shall not include: ...

(2) An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment.

Tex.Lab.Code Ann. § 406.032(1)(C) (Vernon Pamph.1995).

Whether an employee was in the course of his employment when he received his injuries is ordinarily a question of fact. *Shutters v. Domino's Pizza, Inc.*, 795 S.W.2d 800, 802 (Tex.App.—Tyler 1990, no writ); *Standard Fire Ins. Co. v. Rodriguez*, 645 S.W.2d 534, 540 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.); *see also Nasser v. Security Ins. Co.*, 724 S.W.2d 17, 19 (Tex. 1987). Appellant contends that *Nasser* controls. The issue in this case, as it was in *Nasser*, is whether the personal animosity exception applied.

This Court recently analyzed *Nasser* and the "personal animosity" exception in *Villanueva v. Astroworld, Inc.*, 866 S.W.2d 690 (Tex.App.—Houston [1st Dist.] 1993, writ denied). We were confronted with a different situation in *Villanueva*, where the appellant alleged her injuries occurred outside the scope of her employment in order to fall outside of workers' compensation coverage. Nevertheless, the analysis of the "personal animosity" exception is the same:

In *Nasser*, the Supreme Court addressed the meaning of "injury in the course of employment." 724 S.W.2d at 19. Nasser, an assistant manager of a restaurant, was stabbed by the former boyfriend of a restaurant customer, Dawes. *Id.* at 18. There was evidence that the former boyfriend became jealous when he saw Nasser and Dawes sitting together in the restau-

rant. *Id.* Later that day, the former boyfriend went to see Nasser, and stabbed him as Nasser walked out of his office. *Id.* The supreme court held that there was some evidence to support the finding that Nasser's injuries were sustained in the course of employment. *Id.* at 219. In reaching its conclusion, the court reasoned that Nasser testified it was his duty to talk with and be nice to customers, and that he frequently sat down with customers dining alone. *Id.* Nasser stated that when he was called from his office to see the former boyfriend, he assumed that he needed to deal with a customer's problem, also one of his duties. *Id.* The court determined that the stabbing resulted from Nasser's performance of his duties. *Id.*

*Villanueva,* 866 S.W.2d at 693–94.

The court in *Nasser* explained that "the purpose of the 'personal animosity' exception is to exclude from coverage of the Act those injuries resulting from a dispute which has been transported into the place of employment from the injured employee's private or domestic life, at least where the animosity is not exacerbated by the employment." *Nasser,* 724 S.W.2d at 18.

As in *Villanueva,* the case before us is in a different procedural posture than *Nasser.* The *Nasser* court reviewed a no-evidence point of error complaining of an affirmative jury finding. Thus, it could view only the evidence supporting that jury finding. We, however, are reviewing the granting of a motion for summary judgment; therefore, we must take as true evidence favorable to appellant, the nonmovant, in deciding whether there is a disputed material fact issue that precludes summary judgment. *Nixon,* 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in her favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984).

In a bad faith action, the issue is whether there was evidence in existence before the insurer; not whether the insurer correctly evaluated that evidence. *State Farm Lloyds, Inc. v. Polasek,* 847 S.W.2d 279, 285 (Tex.App.—San Antonio 1992, writ

denied). Nevertheless, there must be some *evidence* before the insurer which it relied on in making its decision to deny the claim, not mere supposition:

> The basis for denying or delaying payment must have some substance to it; it cannot be fanciful or flimsy. Not just any asserted basis will suffice. A scintilla of evidence . . . would not be enough.

*Id.* at 287.

Whether there is a reasonable basis for denial is judged by the facts before the insurer at the time the claim is denied. *Viles v. Security Nat'l Ins. Co.,* 788 S.W.2d 566, 567 (Tex.1990). When it is disputed whether there was any reasonable basis in existence to support the denial of the claim, a jury issue is present. *Nationwide Mut. Ins. Co. v. Crowe,* 857 S.W.2d 644, 648 (Tex. App.—Houston [14th Dist.] 1993), *judgment set aside per agreement,* 863 S.W.2d 462 (Tex.1993). As movants, the burden was on appellees to prove *as a matter of law* that they had a reasonable basis to deny payment. The notice of controversion stated that appellees were denying coverage because

> Our investigation does not reveal an on-the-job injury. Claimant became ill after drinking from his thermos during his morning break. The liquid in the thermos was brought from home. Further investigation reveals liquid tampering but again investigation does not show tampering to be related to his job nor any on-the-job injury.

In their motion for summary judgment, appellees emphasized the fact that there was no evidence

> that the spiking of Campbell's [thermos] was anything other than intentional and personal to Campbell . . . [B]ecause the plaintiff has pleaded an injury which could only have been intentional, the Plaintiff fails to establish . . . the absence of a reasonable basis on which to deny the claim.

Whether appellant established the absence of a reasonable basis to deny was relevant only to *appellant's* motion for summary judgment; appellees were not entitled to summary judgment based on the *absence* of evidence that

the poisoning was intentional and personal. Under *Nasser* and *Villanueva*, it was their burden to prove, *as a matter of law*, that there was "some evidence" that the poisoning *was* personal and not related to work. Appellees did not meet this burden.

Appellees point to the following evidence which they claim established, as a matter of law, a reasonable basis to deny coverage: (1) the poisoning was intentional; (2) the poison was in a thermos brought from home; and (3) the poisoning occurred while Mr. Campbell was on a coffee break. In his statement to the appellees' claim representative, Danny Campbell stated that:

> [T]he people in the warehouse who did investigate this and look into it, like Bobby Lawler [Campbell's supervisor at HISD], ... found the box of formaldehyde. Supposedly there were six jars in it and one of them was missing, and that was the last I heard of that.... [O]ff the record I have a couple of suspects ... one guy up in Science has made the statement to me that [if] I weren't married to my wife, he would marry her ... [T]here was one other person that—me being a supervisor I was constantly on his case, still on his case because he doesn't do his job—he doesn't like me very much, and he is in the taxidermy business after work. He has ready access to formaldehyde.

This evidence was known to appellees at the time they made the decision to deny coverage.

It may well have been reasonable for appellees to deny coverage, but they did not prove that it was reasonable *as a matter of law*. We hold that there was a genuine issue of material fact whether Mr. Campbell sustained his injury while in the course of his employment. As a result, there was a genuine issue of material fact whether appellees' denial of payment was reasonable. Therefore, the granting of summary judgment on these grounds was improper.

**3.** Tex.Bus. & Com.Code Ann. § 17.565 (Vernon 1987); Tex.Ins.Code Ann. art. 21.21 § 16(d) (Ver-

## Statute of Limitations

In their motion for summary judgment, Appellees claimed that appellant's claims were barred by the applicable two-year statute of limitations. A suit for breach of the duty of good faith and fair dealing accrues on the date an insurer denies a claim for coverage. *Murray v. San Jacinto Agency*, 800 S.W.2d 826, 828 (Tex.1990). The cause of action arises when an insurer unreasonably fails to pay an insured under the policy. *Id.* at 829. The injury producing event is the denial of coverage. *Id.*

Mr. Campbell was poisoned on April 26, 1988. Contrary to assertions by the appellees, this is not the date when appellant's injury accrued for bad faith purposes. Coverage was denied on June 27, 1989, the date of the Notice of Controversion of Right to Compensation. As a result, appellant had until June 27, 1991, to bring suit against appellees for breach of the duty of good faith and fair dealing. Appellant initiated this cause of action on December 13, 1990, within the statute of limitations.

Likewise, statutory causes of action accrue on the date coverage is denied. *Long v. State Farm Fire and Casualty Co.*, 828 S.W.2d 125, 129 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Under the DTPA and the Insurance Code, a party must file a cause of action within two years after the party discovered or should have discovered the occurrence.[3] Therefore, appellant's DTPA and Insurance Code causes of action were also filed within the limitations period. The granting of summary judgment on limitations grounds would have been improper as a matter of law.

## Governmental Immunity

Appellees contend that they are entitled to governmental immunity and therefore, summary judgment was proper. We do not agree.

Appellees' claim is premised on the notion that they are governmental units and are therefore immune from liability for appel-

non Supp.1992).

lant's claims. But such is not the case. Appellees concede in their own brief that Texas Employers Insurance Association (TEIA) was under contract with the Texas Association of School Boards Workers Compensation Self–Insurance Fund (Fund) to provide services in connection with the dispensing and handling of workers' compensation claims. This is the same situation as that in *GAB Business Services, Inc. v. Moore,* 829 S.W.2d 345 (Tex.App.—Texarkana 1992, no writ). In *GAB,* a workers compensation claimant brought a bad faith and DTPA action against the City of Marshall, Texas Municipal League Intergovernmental Risk Pool (Pool) and GAB Business Services, Inc. (GAB). *Id.* at 348. GAB was a private company which had contracted with the Pool to handle all workers compensation claims brought against the various cities which insured themselves through the Pool. *Id.* at 347. GAB alleged on appeal that it was entitled to governmental immunity. *Id.* at 350. The court rejected this assertion, holding that GAB was neither an agent nor an employee of the state; "GAB was not a state employee but a private company that contracted to provide specific services to the Risk Pool." *Id.* The court went on to hold that the fact GAB had contracted with a governmental entity did not confer governmental status onto GAB:

> In the present case, GAB was not performing uniquely governmental duties; it was acting just as an adjuster for a private insurance company would. We are not persuaded that GAB is entitled to official or governmental immunity.

*Id.* at 351.

Nor are we persuaded that appellees in the case before us should be entitled to governmental immunity. As in *GAB,* appellees were private companies under contract to provide specific services to the members of the Fund. Therefore, granting of appellees' motion for summary judgment on governmental immunity grounds would have been improper.

Since none of the grounds asserted by the appellees support the trial court's granting of the motion for summary judgment, we sustain appellant's first point of error. Because we conclude a fact issue exists, we overrule appellant's second point of error that seeks rendition in appellant's favor.

We reverse the judgment of the trial court and remand the cause for a trial on the merits.

