JoAnn McELHANEY, Appellant,

v.

CITY OF TYLER (Self Insured), Appellee.

No. 12–94–00183–CV.

Court of Appeals of Texas, Tyler.

April 30, 1996.

14. The point of error did not attack the trial court's action as to the exemplary damages.

Bill Frizzell, Tyler, for appellant.

Harry Deckard, Austin, Mike Ace, Longview, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

RAMEY, Chief Justice.

This is an appeal from a summary judgment in favor of the City of Tyler ("City"), a self-insured employer, in a worker's compensation case arising under the "new" Texas Workers' Compensation Act of 1989 ("Act"). The City obtained the summary judgment against JoAnn McElhaney ("McElhaney") that she recover nothing by her claim for benefits arising out of her husband's death; McElhaney is the widow of Bill McElhaney, an employee of the City who died from a heart attack on July 22, 1991, while reassembling some heavy equipment at a water treatment plant. We will **reverse** the summary judgment of the trial court and **remand** for a trial of the material fact issues.

The City alleges that on September 11 or 12, 1991, it timely filed a form known as a "TWCC–45" contesting the compensability of the death claim but that the Texas Workers' Compensation Commission ("Commission") lost the form. The City later filed a copy of the TWCC–45 after the sixty-day statutory deadline for such filing. At each stage of the claim procedure before the Commission, the Benefit Review Conference ("BRC"), the Contested Case Hearing ("CCH"), and on appeal to the Commission's Appeals Panel, the Commission ruled that the City had waived its right to contest the compensability issue because it did not provide timely and adequate notice of its position. Despite the fact that the Commission also ruled at each level of review that McElhaney failed to prove that her deceased husband's work was a substantial contributing factor to his heart attack and that therefore the claim for his death was not compensable, it ordered the City to pay benefits to McElhaney on the ground that the City had waived its right to contest the compensability of the claim.

The City then timely filed suit in the County Court at Law seeking judicial review of the Commission's decision and thereafter filed the motion for summary judgment. The summary judgment evidence offered in support of the City's motion was that which had earlier been presented to the Commission at the BRC, the CCH, the Appeals Panel, along with the decisions of the CCH and the Panel themselves.

As a result of the summary judgment in favor of the City and the absence of a request by McElhaney for judicial review of the Commission's ruling that the death was not compensable, the City was ordered by the trial court to terminate payment of death benefits and that McElhaney take nothing by her claim. Thus, McElhaney brings this appeal.

■ In the first of two points of error, she asserts error in the granting of summary judgment in the City's favor because genuine issues of fact exist regarding whether the City waived its right to contest compensability. Inasmuch as the trial court did not specify the basis for its summary judgment ruling, McElhaney is required to demonstrate that a material fact issue was raised on every asserted ground for the summary judgment. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989); *Villanueva v. Astroworld, Inc.,* 866 S.W.2d 690, 693 (Tex.App.—Houston [1st Dist.] 1993, writ denied). The Texas Attorney General filed an *amicus curiae* brief basically in support of McElhaney's contentions on her first point of error.

■ The movant for summary judgment has the burden to show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In considering whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant is taken to be true. *El Chico v. Poole,* 732 S.W.2d 306 (Tex.1987). Every reasonable inference

is indulged in favor of the non-movant, and any doubts are resolved in its favor. *Id.* The burden is imposed upon the movant to establish as a matter of law that there is no genuine issue of material fact as to the relief sought. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970).

Furthermore, the special context of this case increases the City's burden. Because the controversy at the center of this case arises from the Commission's application of the statute and rules governing matters before it, we must note that the courts traditionally give weight to the state agency's interpretation of a statute it is charged with enforcing. *Tarrant Appraisal District v. Moore,* 845 S.W.2d 820, 823 (Tex.1993); *Calvert v. Kadane,* 427 S.W.2d 605, 608 (Tex. 1968); *Lloyd A. Fry Roofing Co. v. State of Texas,* 541 S.W.2d 639, 644 (Tex.Civ.App.— Dallas 1976, writ ref'd n.r.e.). The Act itself directs that in a bench trial, the judge "shall consider" the Appeals Panel decision in rendering judgment. Act approved December 13, 1989, 71st Leg., 2nd C.S., ch. 1, § 6.62(c)(3), 1989 TEX.GEN.LAWS 61, *repealed by* Act approved May 22, 1993, 73rd Leg., R.S., ch. 269, § 5(2), 1993 TEX.GEN.LAWS 1273.[1]

Since McElhaney did not seek review of the Commission's decision of non-compensability, the only issue presented to the trial court was whether the City waived its right to contest the compensability of Bill McElhaney's death. *See* TEX.LAB.CODE ANN. § 409.021(c) (Vernon Supp.1996). The opinion of the Appeals Panel discusses the relevant procedural matters and notes that under Texas Workers' Compensation Commission Rule 124.6(a), a carrier (the self-insured employer here) shall file a form known as a "TWCC–21" to give notice of its contest of compensability of the claim and that the form must "describe in sufficient detail the facts resulting from the investigation that support the carrier's position." 28 TEX.ADMIN.CODE § 124.6(a) (West

---

1. In the interests of clarity and ease of reference, we note that the repealed statute, TEX.REV.CIV. STAT. art. 8308 § 6.62(c), is now codified in essentially the same language in TEX.LAB.CODE ANN. § 410.304(b) (Vernon Supp.1996). Any further reference to a particular section of the Texas Workers' Compensation Act of 1989 will be made to its current codification in the Texas Labor Code unless the language has been changed sufficiently to alter the meaning of the provision.

1995). The rule provides examples of insufficient explanations for disputing compensability: "[a] statement that simply states a conclusion such as 'liability is in question,' 'compensability in dispute,' 'no medical evidence received to support disability,' or 'under investigation' is insufficient grounds for the information required by this rule." 28 TEX.ADMIN.CODE § 124.6(a)(9) (West 1995).

The City claimed before the Commission that it first received notice of Bill McElhaney's death on July 22, 1991, and that it began paying benefits two days later. The City alleges that McElhaney was immediately on notice that it might contest compensability, because on the same day, July 22, it filed a form TWCC–21 advising that it was initiating the payment of benefits, stating that the City was paying benefits "in good faith *pending BRC*." (Emphasis added.) The Commission ruled that this statement was insufficient to constitute notice of a contest of compensability under § 124.6(a)(9).

The City next alleges that its representatives in Austin hand-delivered a TWCC–45 form to the offices of the Commission on or about September 11, 1991. If received by the Commission, such a filing would be timely, assuming it was sufficient in other respects. The City's evidence before the Commission and the trial court included a copy of a TWCC–45 form bearing the date "9–10–91" but which was filed with the Commission on December 16, 1991, after the statutory sixty-day period had expired. TEX.LAB.CODE ANN. § 409.021(c) (Vernon Supp.1996). This copy of the form does not bear a date/receipt stamp showing that it had been timely received by the Commission, and it contains a hand-written notation at the bottom of the form: "(Second Request 12/16/91)."

The City's summary judgment evidence also included affidavits of two employees of its Austin representative. The affiants state that a TWCC–45 was signed on September 10, 1991, requesting the setting of a BRC. Only one of the employees addresses the question of the actual receipt of this form by

the Commission by stating that in "the usual and customary practice" of her firm, she "would ... hand deliver the TWCC–45 to the central office of the TWCC." She then avers that

[i]n accordance with the usual and customary practice of this firm, the TWCC–45 signed ... on September 10, 1991, would have been filed in the TWCC central office on September 11th or 12th, 1991. There is no reason to believe that the usual and customary practice was not followed in this case.

The City's explanation for the fact that the Commission has no record of this particular filing has at all times been that the Commission lost the form. At the CCH, the hearing officer determined that the City had not presented sufficient evidence to establish that the Commission received the TWCC–45 before the sixty-day deadline. The Appeals Panel affirmed the decision of the hearing officer.

In addition to its ruling on the untimeliness of the filing, the Commission's hearing officer and the Appeals Panel found that the TWCC–45 form the City alleges it filed on September 11th (and the copy of the form it filed on December 16, 1991) did not contain enough information to constitute sufficient notice of the City's intent to contest the compensability of the death. Under the heading, "Disputed issue(s)," on that form, the City's representative stated that "[b]enefits are being paid, however, upon receipt of medical, compensability is in question." The Commission found that this language expressed "a future intention to contest compensability when and if the necessary medical is obtained, was in direct conflict with and insufficient under Rule 124.6(a)(9)." In his amicus brief, the Attorney General acknowledges that it was not critical which form had been filed by the City; he averred that the form should conform to the Rules as to the information required to be included and service upon the relevant parties.

There are perplexing aspects of this case.[2] The only evidence relating to the City's time-

2. First, on its merits, the claim itself is straightforward. Substantively, the claim presents but a

single issue: the compensability of the deceased's heart attack. Yet compensability is not

ly delivery to the Commission of notice of contest of compensability consists of the two affidavits of its Austin representative's office personnel. The affidavits do not recite affirmatively that an employee delivered the TWCC–45 to the Commission offices on September 11 or 12, 1991; they assert only that, in the normal course of business, the form would have been delivered to the Commission and that "[t]here is no reason to believe the usual and customary practice was not followed in this case." There is no summary judgment evidence specifically asserting that the questioned form was delivered by anyone to the Commission.

Considering this summary judgment evidence together with the decision of the Appeals Panel and the inferences favoring the summary judgment nonmovant, we must conclude that the evidence does not establish that the City was entitled to judgment as a matter of law on the ground that the questioned form was delivered; the summary judgment evidence is simply not conclusive

on this issue, precluding the raising of a material fact issue as to the timely delivery of the form containing the notice of contest to the Commission.[3] In light of this holding, we need not address McElhaney's contention that a material fact issue was also raised as to whether the TWCC–45 form provided sufficient factual information as to the basis of the City's contest of compensability of Bill McElhaney's death as appears to be required under the Commission's present rules. (See comment in footnote 2 under the "Sixth" point.)

■ In addition, the City asserts in its motion that it is entitled to summary judgment even if it did not establish that it had timely filed its notice of contest of compensability, because McElhaney was initially required to establish her right to compensation benefits, which she did not do. The City urges that it was conclusively established that the deceased did not sustain a compensable heart attack. It further argues that McElhaney did not timely seek review of the

a subject for judicial review in the trial court or here.

Second, the Commission having determined and affirmed throughout its appeal process that the heart attack was not compensable, the Commission nevertheless ordered compensation benefits.

Third, although the Commission repeatedly ruled that the City had waived its right to contest compensability, it permitted the City to contest the issue of compensability throughout the TWCC appeal process (and in fact sustained the City's position on that issue).

Fourth, the basic disagreement was whether a claim contest form was timely filed by the City, and if so, whether the Commission lost the form. In the three Commission hearings, apparently without offering any report of the results of its investigation or even proof that a search for the missing form had been undertaken, the Commission ruled that the City's representative did not timely deliver the form to the Commission, thereby absolving itself of any involvement in the absence of the form in its records.

Fifth, apparently the Act and the rules are unclear in their application in this type of claim. The "experts" do not agree on the correct procedures before the Commission. The self-insured City secured the services of the Austin firm that according to the record "wrote the book" on the Compensation Act to represent it before the Commission in this claim. But this Austin representative and the Commission disagree as to which form should have been filed with the Commission by the City whether the City had to prove

the form was "received and filed" or "personally delivered," or what information was required to be provided irrespective of the designation of the correct form. They disagree as to whether Commission Rule 124.6(a) or (c) controls the carrier's notice in this type of claim. They apparently disagree as to whether a copy of the form should have been date/receipt stamped when received by the Commission and as to the existence of a time limit for filing the notice of dispute upon reopening a compensability dispute.

Sixth, under the new Act, the compensability of a heart attack death is determined by specific statutory criteria unique to a heart attack claim. TEX.LAB.CODE ANN. § 408.008 (Vernon Supp.1996). Once it is ascertained that a claim involves a heart attack, the question of compensability is resolved by medical experts in their application of the statutory language to the employees' medical history and the facts surrounding the injury, if any. Once the Commission is notified that a claim arose out of a heart attack, the Commission is aware that TEX.LAB.CODE ANN. § 408.008 is triggered, and the issue is drawn thereby. Is it appropriate to strictly apply 28 TEX.ADMIN.CODE §§ 124.6(a)(9) when compensability is automatically at issue and determined not by the contentions of the parties but by the opinion of a medical expert, the basis for whose opinion cannot be anticipated by the Carrier?

3. Compensability may be re-opened upon the discovery of new evidence. Newly discovered evidence, however, was not assigned as a ground for the summary judgment in the City's motion.

**602**

compensability issue before the Commission Appeals Panel. The Panel, nevertheless, agreed with the City that the claim was not compensable, and the City was not harmed by McElhaney's failure to seek review before the Appeals Panel. As to the claimant not requesting judicial review, the Appeal Panel's decision ordered the payment of compensation benefits to McElhaney; no request by McElhaney for judicial review of that favorable order to McElhaney was indicated.

Specifically, the City urges that McElhaney is entitled to death benefits, regardless of the waiver ruling, only if "the injury arises out of and in the course and scope of employment." TEX.LAB.CODE ANN. § 406.031(a)(2). It argues that the claimant must initially demonstrate that the heart attack was an event that occurred in the course and scope of the deceased's employment. *Ibid; Villanueva,* 866 S.W.2d at 693; *Dallas Indep. Sch. Dist. v. Porter,* 759 S.W.2d 454, 456 (Tex. App.—Dallas 1988, writ denied). "Course and scope of employment" is defined in the Act as:

> an activity ... that has to do with and originates in the work, business, trade, or profession of the employer ...

TEX.LAB.CODE ANN. § 401.011(12),

Numerous cases have held that the question of whether an employee was acting in the course and scope of employment when he was injured is ordinarily a question of fact. *Villanueva,* 866 S.W.2d at 693; *Shutters v. Domino's Pizza, Inc.,* 795 S.W.2d 800, 802 (Tex.App.—Tyler 1990, no writ). Here, in this record and with the medical expert's equivocation as to the conclusiveness of the pertinent evidence, we hold that the summary judgment evidence raises a material fact issue as to whether Bill McElhaney was injured in the course and scope of his employment with the City. Therefore, we must conclude that the City is not entitled to judgment as a matter of law that Bill McElhaney did not receive an injury in the course of his employment with the City. For the stated reasons, we sustain McElhaney's first point of error that genuine fact issues were raised as to the City's entitlement to summary judgment on the grounds asserted by the movant.

 In her second point of error, McElhaney alleges that the Texas Workers' Compensation Act of 1989 is unconstitutional because it works to deprive claimants of the right to a jury trial. Since McElhaney seeks to avail herself of the benefits afforded by the Act she now claims to be unconstitutional, we do not reach this issue. *Allen v. Employers Casualty Co.,* 888 S.W.2d 219, 222 (Tex.App.—Amarillo 1994, no writ). Moreover, the Texas Supreme Court addressed this issue in an opinion published after the submission of this case holding that the Act does not violate the open courts provision of the Texas Constitution. *Texas Workers' Compensation Commission v. Garcia,* 893 S.W.2d 504, 528 (Tex.1995). McElhaney's second point of error is overruled.

Having sustained McElhaney's first point of error, we must **reverse** the summary judgment of the trial court and **remand** this case for a trial of the material fact issues.